ORIGINAL

JOHN A. THYMES
LUVENIE DONALSON
2405 Corning Street, #20
Los Angeles, CA 90034
(562) 650-5333

PLAINTIFFS

IN PROPRIA PERSONA

FILED
2018 APR -5 PM 2:52
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOHN A. THYMES, LUVENIE DONALSON,<br><br>Plaintiffs,<br><br>v.<br><br>PRIME, INC., a Corporation, ROBERT LOW, an individual, KEVIN FRENCH, an individual, RAYNARD GAITHIER, THE RAWLINGS COMPANY, LLC, a Corporation, KAISER FOUNDATION HEALTH PLAN INC., a Corporation, and DOES 1 thru 10, inclusive<br><br>Defendants. | CASE NO.: LACV18-2725-JAK (JCX)<br><br>1. FIRST AMENDED VERIFIED COMPLAINT FOR PERSONAL INJURIES, DAMAGES FROM 10/10/2016 HIT and RUN<br>2. FOR PROPERTY DAMAGE FROM "HIT and RUN"<br>3. BAD FAITH, BREACH OF CONTRACT<br>4. BREACH OF CONTRACT FOR SETTLEMENT AGREEMENT<br>5. DAMAGE TO PERSONAL PROPERTY<br>6. BAD FAITH, REACH OF SETTLEMENT AGREEMENT<br>7. GROSS NEGLIGENCE for HIT and RUN ACCIDENT<br>8. FRAUD and<br>9. BREACH OF CONTRACT, FRAUD AND BAD FAITH<br><br>DEMAND FOR JURY TRIAL |

///

///

## I.
## PARTIES:

1. Plaintiffs John A. Thymes, 2405 South Corning Street, #20, Los Angeles, CA 90034 and Luvenie Donalson, 2405 South Corning Street, Los Angeles, CA 90034. Both plaintiffs are competent individuals, residing in the City and County of Los Angeles, in the State of California.

2. DEFENDANT PRIME, INC. is a Corporation doing business from Post Office Box 4208, 2740 North Mayfair Avenue, Greene County, Springfield, MO with its head office located in the City of Springfield in the state of Missouri, located under the supervision of its Chief Executive Officer, Robert Low, an individual, working in Missouri 65808-4208.

3. Defendant Raynard Gaither, PRIME INC., is employed by Defendant Prime, Inc. as the "driver" who struck Plaintiffs' car with his truck, and struck Plaintiffs, and each of them, then fled from the scene without stopping. His business address is Post Office Box 4208, 2740 North Mayfair Avenue, Greene County, Springfield, MO 65808-4208.

4. Defendant Raynard Gaither was the individual allegedly operating Defendant Prime, Inc.'s vehicle recklessly on October 10, 2016, per defendant Kevin French, who is also employed by Defendant Prime, Inc. as an Insurance Adjuster for Defendant. The Front Plate 03AS86, Rear Plate No. 871637, who hit and injured Plaintiffs John A. Thymes and Luvenie Donalson, while recklessly operating and fleeing the scene Defendant Prime Inc. and injuring Plaintiffs and fleeing from the scene of the subject injury-incident on October 10, 2016. (See Exhibit "B" and Exhibit "C.")

5. Defendant RAYNARD GAITHER is an individual, employed by Defendant Prime, Inc.'s vehicle, recklessly and negligently operated by Prime Inc., vehicle, Front Plate

03AS86, Rear Plate No. 871637, who hit and injured plaintiffs John A. Thymes and Luvenie Donalson, and fled from the scene of the subject injury-incident (see Exhibits "A" thru Exhibit "D.") Defendant GAITHER hit Plaintiffs' car on the front right (passenger) side. which caused damage to right side door fender, front bumper and also caused electrical problems.

6. Defendant Robert Low is an individual, employee Owner and Chief Executive Officer of Defendant Prime, Inc., located at Post Office Box 4208, 2740 North Mayfair Avenue, Greene County, Springfield, MO 65808-4208.

7. Defendant Kevin French is an individual, employee and employed as an Insurance Claims Adjuster for Defendant Prime, Inc., located at Post Office Box 4208, 2740 North Mayfair Avenue, Springfield, MO 65808-4208.

8. Defendant THE RAWLINGS COMPANY, LLC is a limited liability corporation, doing business from P.O. Box 2000, Lagrange, KY 40031-2000; and Edna Parkway, Lagrange, KY 40031-8100. The RAWLINGS COMPANY, LLC collects for Defendant KAISER FOUNDATION HEALTH PLAN, INC.

9. KAISER FOUNDATION HEALTH PLAN, INC. is a company doing business from P.O. Box 2000, Lagrange, KY 40031-2000; and Edna Parkway, Lagrange, KY 40031-8100.

10. DOES 1 TO 25 are unknown persons, designated as DOES I to 25, inclusive, defendants and Defendant GAITIER are agents, ego, employees, officers, attorneys, co-worker coconspirators' co-defendant, inspector, co-actor and co-violator and conspirator in the underlying action. The foregoing defendants, alter ego and coworker, should and may

be called coconspirator, subject named and unknown defendants (DOES) 1 to 25, inclusive names, approved and identified pursuant DOES 1 to 25, herein called.

11. The INCIDENT, which gives rise to the 10/10/ 2016 hit and run motor vehicle accident that occurred on the California Interstate 10 Freeway, City Terrace off ramp Exhibit "K"), approximately 11:50 A .M. (see Exhibit "J"), when Defendant Gauthier made an illegal left turn from the right lane (Exhibit "K"), hitting Plaintiff's 2000 Toyota Camry stopped in the left lane waiting for traffic to clear, so he could make a left turn in front of Plaintiffs vehicle (2000 Toyota Camry).

12. Plaintiff Thymes incurred substantial expenses for car rental.

13. Plaintiffs onto City Terrace, as stated in "Thymes and Donalson's Statement (Exhibits "B" and "C").

## II.
## JURISDICTION AND VENUE

14. Jurisdiction is proper per Title 28 U.S.C. § 1331. Venue is proper because the accident occurred in the state of California in the County of Los Angeles on 10/10/2016 on the I-10 freeway off ramp, see EXHIBITS C and D. Defendants, and each of them, reside or work in the Greene County, Springfield, Missouri. Also, Defendant Prime, Inc. (Drivers Gaither) reside in or is employed in the state County of Greene Missouri of the state Missouri at Post Office Box 4208, 2740 North Mayfair, Springfield, Missouri. Plaintiffs, and each of them, are residents of the state of California. There exists a diversity of citizenship between Plaintiffs and Defendants. The accident occurred on I-10 freeway off ramp in the County of Los Angeles, state of California. Jurisdiction is based on complete diversity of citizenship. See Exhibits "C" and "D," incorporated herein as if set out in full.

///

**III.**
**STATEMENT OF CASE**
**F.R.C.P., Rule 8 (Exhibit "A)**
**(Statement re 10/10/2016 "Hit and Run" Complaint)**

15. Defendants Prime Inc., Gaither, French and Low failed to uphold, with knowledge, that Defendant Gaither had caused a "Hit and Run" accident. Defendants refused to stop. Defendant French, in 2016 requested Plaintiffs hold off filing this action until the case was settled, and the agreed-upon settlement was completed, (Exhibit A"). Plaintiffs have held off filing the complaint, but to date Defendants have refused to settle the contract and agreement and release the funds. The above Statement of Case is based on Defendants Breach of contract and agreement, see EXHIBIT A copy of contract agreeing to settle with plaintiffs.

16. This action arises October 10, 2016, in the state and county of Los Angeles by Defendant RAYNARD GAITHER ("GAITHER") carelessly when Defendant GAITHER recklessly operated his vehicle causing , described herein owned and above, made an illegal and wrongful left turn from the right lane, thereby hitting and injuring Plaintiffs John A. Thymes ("THYMES"), Luvenie Donalson ("DONALSON"), causing personal injuries to Thymes, Donalson, and damages to Plaintiff's Thymes' property (2000 Toyota Camry). See Exhibits "A" thru "E."

**IV.**
**STATEMENT OF FACTS**
**F.R.C.P., Rule 8**
**Statement re 10/10/2016 BREACH OF CONTRACT**
**UNDISPUTED, NO CONTROVERSY SETTLEMENT AGREEMENT SIGNED BY DEFENDANT FRENCH**
**DEFENDANT "HIT AND RUN" ACCIDENT**
**[(01/05/2018 (see Exhibit "A") SETTLEMENT AGREEMENT]**

17. Plaintiffs incorporate above Paragraphs 1 thru ¶¶ 16, inclusive, as if set out below in full.

18. Defendant Gaither willfully, reckless, intentionally and knowingly left the accident scene, where, plaintiffs (both Plaintiffs reside or work in the County of Los Angeles and citizens of the state of California), and each of them, were seriously injured and required emergency medical the injury-accident caused totally by Defendants Gaither, and DOES 1 thru 25, inclusive. Defendants, and each of them, and knowing left injury accident. Plaintiffs were caused to Thymes and Donalson (see Exhibit "I") Defendant refused to stop and show Plaintiff Thymes his license, insurance and necessary information, as detailed in Plaintiff's numerous correspondences with Defendant Prime Inc., or exchange information, required by law, for an accident caused by him.

19. On October 10, 2016, Defendant Prime Inc.'s driver, allegedly "Defendant Reynard Gaither, per Defendant French's representation (Exhibits "A" thru "D") caused a hit and run accident, in which defendant was "fully at fault" and refused to stop. Plaintiff was forced to follow Defendant Gaither to get his (driver's) license plate number, see Exhibit "A." Defendants have accepted liability for this "Hit and Run" (Exhibit "C") and/ Breach of contract and written settlement agreement dated January 5, 2018 (Exhibit "A") each. Plaintiffs' Statement of case as is incorporated herein by reference with Plaintiffs' Exhibits "A," "B" thru "C" and "D"). Prime Inc. and each defendant, especially Defendant Low has not provided the necessary information for, *inter alia*, liability insurance purposes. Defendants and Plaintiff have made an agreement on settling this Claim on 1/5/2018.

20. Defendants, and each of them, have ignored and breached the "Settlement (Exhibit "A") reached in January 5, 2018. Plaintiffs Thymes and Donalson are bringing this

action for Breach of Contract (Agreement) Exhibit "A" and request sanctions should be levied against Defendants French, Low, and Gaither, as these defendants are engaged in game playing and acting in bad faith, as set forth below.

21. Plaintiffs Thymes and Donalson have extended and acted in good faith dealing with the case below. Thymes and Donalson have been waiting for the Defendants to send the release, promised in Exhibit "A;" Thymes is awaiting the check, as promised by Defendants' Low, Gaither and French, to no avail. Thymes was waiting for the settlement check, as promised by Defendants Robert Low, Gaither and Kevin French. Although this matter has been brought to the attention of this Court. This is yet another unfulfilled agreement of Defendants French and co-defendants and the remaining defendants, and each other defendants.

## V.
## FIRST CLAIM FOR DAMAGES FOR RELIEF FOR 10/10/2016 "HIT AND RUN," PERSONAL INJURIES GAITHER, MADE UNSAFE AND ILLEGAL LEFT TURN FROM RIGHT LANE PLAINTIFFS' CLAIM AGAINST ALL DEFENDANTS, AND EACH OF THEM

22. Plaintiffs, and each of them, reallege and incorporate herein by this reference Paragraphs "1" thru "21," and Pages "1"- "7," of this Complaint.

23. Defendants Prime, Inc., above described, failed to stop and intentionally and maliciously vehicle injuring Plaintiffs, and each of them, Defendant operated by Gaither, hit Plaintiff's vehicle never stopped that October 10, 2016 afternoon, and had knowledge that defendants Prime Inc.'s Driver, Gaither hit plaintiffs' automobile and caused an accident (see Exhibits "A", "B" and, *without limitation* "C," "D" and "E," incorporated herein as if set out in full below.)

24. Defendants Prime Inc.'s, Gabriel, and DOES 1 thru 25, inclusive left the scene and never looked back to see if anyone was injured or killed.

25. Defendants, and each of them proximately caused the damages from which Plaintiffs have set out above.

26. Defendants Prime Inc.'s Driver, Gaither, and DOES 1 thru 25, had a duty of care, by and through its employees, Gaither, and DOES 1 thru 10, inclusive. Defendants, owed non-delegable statutory and common duty of care to Plaintiffs Thymes and Donalson.

27. Plaintiffs Thymes and Donalson should be protected from abuse, neglect and harm by the Defendants, and each of them,

28. Defendants' acts were illegal and, leaving the scene, as Defendants did, was criminal. Defendants and each of them, are liable for Defendant Gaither's reckless driving. Further, please take notice of Plaintiff THYMES and DONALSON'S statements (EXHIBITS "C" and "D")

29. Defendants had an absolute duty of care – to stop his vehicle to check for injured, as Defendants had a clear view that Plaintiffs (Exhibits "C" and "D") were in the vehicle, which Defendants hit and damaged with their truck.

30. Defendants injured and proximately caused damages to Plaintiffs in their persons and property; thus damages should not be less than $1,000,000.00 for each Plaintiff from each Defendant to make Plaintiffs whole

## VI.
## SECOND CLAIM OF DAMAGES FOR PROPERTY DAMAGES HIT AND RUN, MAKING AN ILLEGAL LEFT TURN FROM RIGHT-TURN LANE (Exhibit "C" and "D") PLAINTIFFS' CLAIM AGAINST DEFENDANTS PRIME INC.'S DRIVER GAITHER AND DOES

**1 THRU 25, INCLUSIVE**

31. Plaintiffs incorporate above Paragraphs 1 thru ¶¶ 30, inclusive, as if set out herein in full.

32. On October 10, 2016, Defendants Prime, Inc.'s, driver, Defendant Gaither and DOES 1 thru 25, inclusive, knowingly made an illegal, unsafe and reckless left turn, in front of Plaintiff THYMES on a California freeway off-ramp, causing injury (Exhibit "K"), which could have possibly caused death of a human being. Defendant Gaither then illegally left the scene of the incident, which is beyond a rational person's comprehension. This is exactly what Defendant Gaither did 10/10/2016 Prime Inc., Prime Inc.'s Driver, Gaither did on 10/10/2016 to Plaintiffs Thymes and Donalson, never to give Plaintiffs a thought. This behavior is outrageous, reckless, incomprehensible, inhuman and, *inter alia*, made without caring whether Plaintiffs were harmed and injured at the hands of Defendants, whose demeanor seemed on 10/10/2016 to be "live or die," who cares.

33. Plaintiffs are entitled to $1,000,000.00 each for their injuries, pain, suffering and, *inter alia,* defendants' cruel, willful, reckless and intentional torts against Plaintiffs. Defendants, and each of them, knowingly made the illegal acts, such as their illegal and reckless operation of their (defendant Prime Inc.'s vehicle) above-described vehicle. When Defendants Prime Inc. and Gaither turned from the right into Plaintiff's left lane, they hit Plaintiffs on the right passenger side and front bumper while they stopped in left lane, also damaging the electrical system of Plaintiff Thymes 2000 Toyota Camry.

34. As a direct result of Defendants gross negligence, specified above and set out in Plaintiffs 'attached Exhibits, namely Exhibits "A" and "B," incorporated herein, Defendants hit Plaintiff's 2000 Toyota Camry and illegally fled from the scene.

35. Both Plaintiffs Thymes and Donalson were injured and incapacitated with fear and personal injuries, until Plaintiff noticed Defendants Prime Inc., Prime Inc.'s Driver, Gaither and DOES 1 thru 25, inclusive, were illegally fleeing from the incident, scene of accident which they caused, and were at fault of Defendant Prime Inc.'s, Gaither and (Exhibit "K") DOES 1 thru 25, inclusive. Thymes chased down freeway after Defendants, as set out in Exhibits "A" and "B," who were illegally fleeing the accident scene. Thymes chased Gaither's truck for about 4-5 miles, then called 911 and gave the information about the license plate numbers front and back. Highway patrol told Thymes to back off.

36. Defendants GAITHER, PRIME INC., LOW, and DOES 1 thru 25, inclusive, in some manner are liable for plaintiffs' Thymes and Donalson's injuries.

37. Thymes' 2000 Toyota Camry has a value, per Kelly Blue Book of about $35,000.00. The damage to Thymes' 2000 Toyota Camry including the electrical damage from the 10/10/2016 "Hit and Run" caused Thymes' car to be totaled. Plaintiff's vehicle kept over-heating due to the damage to the radiator, engine and the electrical unit, and subsequently the burned wires could not be replaced. Therefore, Plaintiff's 2000 Toyota Camry was realistically totaled, causing loss to Plaintiff of his 2000 Toyota Camry.

38. Plaintiffs do not know the amount of damages at this; however said damages should not be less than $1,000,000.00 f for each Plaintiff from each Defendant to make Plaintiffs whole.

## VII.
## THIRD CLAIM OF RELIEF FOR DAMAGES FOR HIT AND RUN, BAD FAITH BREACH OF CONTRACT/WRITTEN SETTLEMENT AGREEMENT DAMAGES (Exhibit "A") AGAINST ALL DEFENDANTS AND DOES 1 THRU 25, INCLUSIVE

39. Plaintiffs incorporate above Paragraphs 1 thru ¶¶ 38, inclusive, as if set out herein in full.

40. On January 5, 2018 (EXHIBIT "A") Defendants FRENCH, LOW and DOES 1 thru 25, inclusive, Defendants PRIME INC., LOW, FRENCH, GAITHER and DOES 1-25 failed/refused to settle Claim No. 128896 after they made an agreement to settle Claim No. 128896, see Exhibit "A." This has caused extreme hardship and stress upon Thymes, a senior citizen, who expected settlement after Defendants PRIME INC., LOW, FRENCH, GAITHER and DOES 1-25 agreed to settle for making an illegal, unsafe and reckless left turn, in front of Plaintiff THYMES on a California, causing injury (Exhibits "A" – "C"), resulting in possibly death of a fellow human being and illegally leaving the incident. Additional stress occurred when Defendants refused to call or write back after Thymes and Donalson made repeated phone calls and sent correspondence.

41. Plaintiffs do not know the amount of damages for this delay, non-response and elder abuse; however said damages should not be less than $1,000,000.00 for each Plaintiff from each Defendant to make Plaintiffs whole.

## VIII.
## FOURTH CLAIM OF DAMAGES FOR BREACH OF CONTRACT/WRITTEN SETTLEMENT AGREEMENT "HIT AND RUN" AND NOT FULFILLMENT OF WRITTEN AGREEMENT, BAD FAITH, AND NOT COVERING COMPLETED AGREEMENT (EXHIBIT "A") PLAINTIFFS AGAINST DEFENDANTS PRIME INC.'S, FRENCH, LOW AND DOE DEFENDANTS "1" THRU "25"

42. Plaintiffs incorporate above Paragraphs 1 thru ¶¶ 41, inclusive, as if set out herein in full.

43. Defendants and Plaintiffs have agreed, in writing, per EXHIBIT A, that Plaintiffs Thymes and Donalson shall be made whole in certified funds totaling $13,000.00.

44. Defendants refusal to settle is an act of bad faith, and has caused hardship on Plaintiff Thymes by forcing him to continue to rent a car at around $150.00 per week, and forcing him to file this lawsuit, which costs him filing fees, process service, mailing, typist's fees, secretarial services, etc. This is totally unnecessary, as Defendants have agreed with their settlement contract, yet have refused to release the funds and send Plaintiffs the agreed-upon settlement check in certified funds. Defendants' bad faith is also evidenced by their refusal to respond to Thymes' numerous phone calls and numerous correspondence.

45. Plaintiffs do not know the amount of damages for this delay, non-response and bad faith; however said damages should not be less than $1,000,000.00 for each Plaintiff from each Defendant to make Plaintiffs whole.

**IX**
**FIFTH CLAIM FOR DAMAGES**
**FOR RELIEF FOR DAMAGE TO PERSONAL PROPERTY CAR DAMAGED THEN TOTALLED BY DEFENDANT'S HIT AND RUN, MAKING AN ILLEGAL LEFT TURN FROM RIGHT-TURN LANE (Exhibit "K")**
**PLAINTIFFS' CLAIM AGAINST DEFENDANTS PRIME INC.'S DRIVER GAITHER AND DOES 1 THRU 25, INCLUSIVE**

46. Plaintiffs incorporate above Paragraphs 1 thru ¶¶ 45, inclusive, as if set out herein in full.

47. Defendant Gaither, positioned in the right lane, could only make a right turn onto City Terrace, see EXHIBITS C and D. Defendant Gaither's reckless act of improperly making a left turn and damaging Thymes' car caused the car to be totaled. Gaither knew he caused damage, yet fled the scene even after Thymes attempted to stop him twice, then

called Highway Patrol. These facts were also known to other Defendants, who conspired to obstruct justice and settlement for Plaintiffs.

48. Plaintiffs do not know the amount of damages for this conspiracy, concealment and bad faith; however said damages should not be less than $1,000,000.00 for each Plaintiff from each Defendant to make Plaintiffs whole.

**X.**
**PLAINTIFFS' SIXTH CLAIM FOR DAMAGES FOR HIT AND RUN, BAD FAITH, AND BREACH OF SETTLEMENT CONTRACT AGAINST ALL DEFENDANTS**

49. Plaintiffs incorporate Paragraph 1 thru ¶¶ 48, inclusive, as if set out herein in full.

50. Both Plaintiffs and Defendants agreed to settle Plaintiff's claim no. 128896; this is memorialized in the Settlement Contract, see EXHIBIT A. There is no good reason for Defendants not to return Plaintiffs' numerous phone calls and correspondences, which is proof of bad faith.

51. Plaintiffs do not know the amount of damages for this bad faith and non-response; however said damages should not be less than $1,000,000.00 for each Plaintiff from each Defendant to make Plaintiffs whole.

**XI**
**SEVENTH CLAIM FOR RELIEF FOR DAMAGES FOR GROSS NEGLIGENCE AND FRAUD PLAINTIFFS AGAINST DEFENDANTS PRIME INC., GAITHER AND DOES 1 THRU 25, INCLUSIVE FOR BAD FAITH**

52. Plaintiffs incorporate Paragraph 1 thru ¶¶ 51, inclusive, as if set out herein in full.

53. As a direct result of Defendants' negligence, Plaintiff Thymes and Plaintiff Donalson, and each of them, seek an award not less than $1,000,000.00 each.

54. Defendants, and each of them, showed a blatant disregard for their negligent acts and for injuries caused to Plaintiffs by Defendant Prime, Inc., Gaither, who could have killed Plaintiffs, yet who illegally fled from the incident/accident, with knowledge that Defendant Prime, Inc.'s Driver, Gaither, hit, damaged and inured Plaintiffs.

55. As a direct result of Prime, Inc.'s Driver, Gaither causing personal injuries and losses to Plaintiffs Thymes and Donalson; for Gaither's unconcern and, *inter alia*, breach of duty, leaving the scene of the accident, hit and run, willfully fleeing the scene, all Defendants are legally liable to Plaintiffs Thymes and Donalson for damages for personal injuries, pain and suffering, property damages and, *inter alia*, not less than $1,000,000.00 for each of them.

## XI
## PLAINTIFFS' EIGHTH CLAIM FOR RELIEF FOR FRAUD
**(Against all Defendants)**

56. Plaintiffs incorporate Paragraph 1 thru ¶¶ 55, inclusive, as if set out herein in full.

57. Defendants are guilty of malice, fraud or oppression, as defined in California Civil Code section 3294, and Defendants' actions were malicious and done willfully, in conscious disregard of the rights and safety of Plaintiffs, in that the actions were calculated to injure Plaintiffs. As such, Plaintiffs are entitled to recover, in addition to actual damages, punitive damages to punish Defendants and to deter future misconduct.

## XII
## PLAINTIFF DONALSON'S NINTH CLAIM FOR RELIEF FOR BREACH OF CONTRACT, FRAUD AND BAD FAITH

**(Against all Defendants, particularly Robert Low, Kevin French, Raynard Gaithier, KAISER FOUNDATION HEALTH PLAN, INC. and RAWLINGS COMPANY, LLC)**

58. Plaintiff Donalson incorporates Paragraph 1 thru ¶¶ 57, inclusive, as if set out herein in full.

59. Plaintiff Donalson made a demand upon Kaiser Foundation Health Plan, Inc., c/o Knox-Keene Health Care Service Plan Act of 1975, ATTN.: Legal Department, Agent for Kaiser Foundation, 6141 Cadillac Ave., Los Angeles, Calif. 90034 and The Rawlings Company, LLC, One Eden Pkwy., La Grange, KY 40031-8100 ATTN: Legal Department. This was Donalson's DEMAND FOR SETTLEMENT, see EXHIBIT 9 copy of Demand letter. Donalson gave them a chance to settle for breach of contract, fraud and bad faith. Rawlins Company held themselves out as a collection agent for Kaiser Foundation. They had no judgment or anything else giving them standing to collect a debt that Donalson does not owe.

60. These defendants have illegally charged Donalson twice for a policy she has already paid for every month over $100.00 out of her payroll check, when she already has a private policy with Kaiser. Donalson signed the settlement agreement, sent it back, and she has not heard from Defendants. This is fraud and breach of contract, as Donalson has already paid for this insurance coverage, which she is being arbitrarily denied by Defendants. Prime Inc. and Rawlings are in breach of contract for withholding her money that Donalson is entitled to with the agreed-upon settlement. Prime Inc. is withholding these funds based on Defendant Kaiser's report, which is false.

61. Defendants' actions were fraudulent and done willfully, in conscious disregard of the rights Plaintiff, in that the actions were calculated to deny Donalson what she paid for and what is rightfully hers. As such, Donalson is entitled to recover, in addition to actual damages, punitive damages to punish Defendants and to deter future misconduct.

WHEREAS, Plaintiffs, and each of them, PRAY for judgment against each Defendant as follows:

A. That judgment be entered in Plaintiffs' favor and against all Defendants, for the amount of money Plaintiffs asked for in each of the eight Claims – $1,000,000.00 per Claim, or $8 million total from each Defendant;

B. There is no dispute or controversy that Defendants can make against Plaintiffs for bringing this complaint for breach of contract and settlement agreement per EXHIBIT A;

C. Demand for jury trial;

D. For the Court to take JUDICIAL NOTICE of Plaintiffs' Exhibits, and

E. For exemplary damages in an amount sufficient to punish Defendants' wrongful conduct and deter future misconduct.

Dated: April 5, 2018

John Thymes

Dated: April 5, 2018

Luvenie Donalson

**VERIFICATION ( C.C.P. 446 AND 2015.5)**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I have read the foregoing John A. Thymes ______________________________ and know its contents.

☑ **CHECK APPLICABLE PARAGRAPHS**

☑ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

☐ I am ☐ an officer ☐ a partner ______________ ☐ a ________________ of ______________________ ______________________________________, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

☐ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

☐ I am one of the attorneys for ______________________________, a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on (date)____________________, at ______________________________, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

JOHN A. THYMES

Type or Print Name    Signature

**PROOF OF SERVICE**

CCP 1013a(3) Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of ______________________________, State of California. I am over the age of 18 and not a party to the within action; my business address is ______________________________.

On (date)________________, **I served the foregoing document described as ______________________________ on ______________________________ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ BY MAIL

☐ *I deposited such envelope in the mail at ______________________________, California. The envelope was mailed with postage thereon fully prepaid.

☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid at ______________________________, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on (date)________________, at ______________________________, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

______________________________ ______________________________

Type or Print Name    Signature

* (BY MAIL, SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX OR BAG)

**FOR PERSONAL SERVICE, SIGNATURE MUST BE THAT OF MESSENGER)

967 (R1/98)

**EXHIBIT A**

# Copy of Settlement Agreement
# (1 page)

2740 North Mayfair
P.O. Box 4208
Springfield, MO 65808-4208
toll free ph 800.848.4!
local ph 417.866.000'
www.PrimeInc.com

PRIME inc.
» driven by the best

January 5, 2018

John Thymes
2405 South Corning Street, #20
Los Angeles, California 90034

RE: Our Claim No.: 128896
Location: Los Angeles, CA
Date of Accident: 10/10/16

This letter is regarding an accident you or your properties were involved in with one of our drivers on the above captioned date.

Per our prior telephone conversations, Prime, Inc. has agreed to settle your bodily injury claim for $13,000.00, inclusive of medical expenses. The medical expenses total $5,332.44. There are no medical liens known at this time, therefore the total settlement amount, $13,000.00, will be made payable to you and will be your responsibility to pay the medical providers.

Please return the signed release so that payment may be issued.

Sincerely,

Kevin French
Claims Adjuster
kfrench@primeinc.com
417-521-3831

A

**EXHIBIT B**

# Copy of Thymes' Letter to PRIME, INC. (2 pages)

# John A. Thymes

13337 South Street, #135
Cerritos, California 90703
(562) 860-0651

11/1/2016

**Prime, Inc.**
**2740 North Mayfair Avenue**
**Springfield, Missouri 65808**

**(866) 843-0001**

**ATTN: CEO and/or LEGAL DEPARTMENT**

**RE: HIT AND RUN ACCIDENT REPORTED BY TELEPHONE TO "KEVIN" 10/13/2016**
**Claim No. 128896**

Dear Sir:

This letter (Notice) is regarding Claim No. 128896, and to provide you a copy of the "State of California, Department of California Highway Patrol, **Traffic Collision Report**" I made regarding the above subject matter Prime, Inc.'s "Hit and Run" accident reported to "Kevin", pursuant to my 10/11/2016 telephone call. Prior to speaking with "Kevin", I, initially reported this accident to a female Claims Representative 10/11/2016 and, subsequently spoke with "Kevin." So, for purposes of this correspondence, I am referring to "Kevin" as the individual with whom I am confirming my 10/13/2016 telephone conversation. The female, Claims Representative, with whom I initially spoke, October 11, 2016, gave me the subject Claim Number, which I referenced in my 10/13/2016 conversation with "Kevin".

In the subject call, I informed "Kevin" that Prime, Inc.'s driver (Diesel Truck Front License Plate No. 03A S86, Back License Plate No. 871 637") hit my **2000 Toyota Camry (4 Door), California License Plate No. 4HSE536,** and did not stop (Hit and Run) Prime, Inc. 7348, October 10, 2016 (see my attached "Statement").

Please be advised I called Prime, Inc. 10/10/2016; however, they were closed.

**B**

Since Prime Inc.'s driver, a male, Hispanic appearing, did not stop (Hit and Run), I do not know his name nor any information which we should have exchanged at the time and scene of said 10/10/2016 accident. As I stated to the CHP, *inter alia,* Prime Inc.'s driver hit my car at the "10 Freeway exit, City Terrace Drive off-ramp and did not stop. I chased Prime, Inc's driver, who eventually stopped, by force of **red traffic signal** (see attached **"Statement of John Thymes,"** incorporated herein by reference as if set out in full), as I approached Prime, Inc.'s vehicle, he pulled off. As set out in my attached "Statement," this happened more than once, forcing me (via Luevina Donaldson, to call "911" and report the accident and, per Ms. Donaldson, instructed me to cease following the Prime, Inc. driver, as the "911" operator said CHP would take over the matter (see attached "Statement of Luevina Donaldson"). Attached is a copy of the **Traffic Collision Report** – Property Damage Only, taken 10/10/2016 by California Highway Patrol regarding the subject incident.

By way of this communication, I am requesting that Prime, Inc. provide me its driver's name and other pertinent, required by law, and to which I am entitled.

Please be advised that there is substantial and irreparable damage to 2000 Toyota, Plate # 4HSE536, VIN # 4T1BG22KXYU627657 (e.g.: inoperable windows, right door hard to open, major damage to right fender, car (motor) won't stay running, right wheel and hub-cap bent, bent A-Frame, and, *inter alia, the car is making a loud noise.*) I have been informed by a mechanic that my vehicle is a "total loss." Also, my passenger, Luevina Donaldson (424) 270-3071, and myself are injured and we, both, are under medical treatment resulting from the subject 10/10/2016 accident.

Please let me know to whom I should direct further correspondence(s), my damages concerning property and medical bills.

Should you have questions, regarding this matter, please write me, at the above address.

Sincerely,

John A. Thymes, CDL # 836234
Driver/Owner, 2000 Toyota Camry

**EXHIBIT C**

# Statement of John Thymes re Accident (2 pages)

Date of Accident: October 10, 2016

DRIVER: John A. Thymes

2009 Toyota Camry

Time: Approximately 11:25 A.M. – 12:10 P.M.

Passenger: Luevina K. Donaldson

Other Vehicle: PRIME, INC

Tags: Front – Lic No. 03A586

Back – Lic No. 871637

## STATEMENT OF JOHN THYMES

Thymes was in the left lane, making a left turn, Prime truck was in the right lane – can only make a right turn from off ramp (City Terrace) – Prime truck, in the right lane, kept pulling up, blocking view. I could not see down City Terrace so I could make a safe left onto City Terrace. pulled over to my left, Prime truck hit my car on the passenger (right) side, while I was sitting (not moving) at 10 Freeway off ramp. When Prime truck hit my car, it kept going, causing me to follow it. When Prime truck had to stop at red light (Hazzard and City Terrace), I exited my car to talk with Prime truck passenger window, to tell Prime truck he hit my vehicle. Prime truck put right signal on, indicating he was going to pull over to curb, then Prime truck left the scene, I again followed Prime truck (Hazzard and City Terrace to Eastern and City Terrace) when Prime truck was again forced to stop for red traffic light. Thymes again exited his vehicle and went to front of Prime truck, who again put on his right turn signal to indicate he was going to right curb. Prime truck left scene again and Thymes followed Prime Truck from Hazzard and City Terrace

C

to Eastern and City Terrace (Red light). Thymes exited vehicle and went in fromt of Prime truck (driver's side) telling Prime truck that he hit my car. I told Prime truck driver to pull over, because he hit my car and I wanted to exchange information. Again Prime truck was going to pull to right signal curb. Thymes blocked Prime truck to let prime truck get over when the red light (Eastern and City Terrace) changed. Prime truck left scene again, making a left turn to Eastern to 10 Fwy (West). Thymes followed, blowing horn for Prime truck to stop. Ms. Donaldon was making 911/CHP call reporting the above-stated events and happenings to 911/CHP (police). . . . Ms, Donaldson informed me that the 911/CHP said not to follow Prime truck any further as they, 911/CHP had the information reported by Ms. Donaldson.

On 10/11/2016, Thymes personally frequented the CHP, 777 Washington Boulevard, Los Angeles and made a report (including explaining the above-stated events reported by Ms. Donaldson, per cell phone 10/10/2016.

**EXHIBIT D**

# Statement of Luevina Donalson regarding Hit and Run Accident (2 pages)

Date of Accident: October 10, 2016

DRIVER: John A. Thymes

200● Toyota Camry

Time: Approximately 11:25 A.M. – 12:10 P.M.

Passenger: Luevina K. Donaldson

Other Vehicle: PRIME, INC

Tags: Front – Lic No. 03A586

Back – Lic No. 871637

**STATEMENT OF LUEVINA DONALDSON**

Mr. Thymes exited the 10 Fwy, City Terrace Drive off ramp. Mr. Thymes was in the far left lane to make a left turn when Prime, Inc. truck (Diesel), to right of Mr. Thymes (in parked [stop] position), (Prime truck) in the right lane, (could only make right turn) onto City Terrace Drive, Prime (Front Tag # 03A586, Rear Tag #871 637) accelerated to the left, from the right lane, turned left (from right lane) when Prime truck pulled over, hitting right fender. Passenger door, pulled front wheel hubcap off. The windows then would not go down, after Prime truck hit Mr. Thymes vehicle. Driver of Prime Truck left the scene. Mr. Thymes followed Prime truck to red light (stopped because red light, not because of Thymes) at (hazard) and City Terrace Drive, Mr. Thymes exited his vehicle at red light to talk to Prime driver at passenger window to tell Prime driver he had hit Mr. Thymes car, Prime driver (in far left lane to Mr. Thymes left) then Prime driver put his right signal on, indicating that he was going to pull over. Mr. Thymes re-entered his vehicle (waiting for Prime driver to pull over, instead Prime driver kept driving. Prime driver had to make another stop at Eastern and City Terrace; Mr. Thymes exited his vehicle, went over, a second time, to Prime driver to talk (Eastern and City Terrace) at red light to tell Prime driver to stop, who Prime driver again put on right signal (as if driver was going to stop) Mr. Thymes blocked traffic traveling (Eastern and City Terrace) so Prime driver could pull onto City Terrace . . . again Prime driver left the scene . . . made a left turn on Eastern onto 10 Fwy West . . . Mr. Thymes followed Prime truck from City Terrace and 1300 N. Bonnie. Accident occurred at 10 Fwy, City Terrace off ramp and North Bonnie Street, as already stated. Donaldson called 911, reported hit and run by Prime driver to CHP, giving the above account of events to 911/CHP (911/CHP told Donaldson) collected all above stated information the Mr. Thymes (thru Donaldson talking 911/CHP, said Mr. Thymes could discontinue following Prime driver. Mr. Thymes got back on 10 Fwy, returned to original

**D**

starting point (10 Fwy and City Terrace) to pick up parts that came off his vehicle at crash scene. Severe damage to Thymes vehicle, pictures were taken.

Mr. Thymes got out of his car at Hazzard and City Terrace (red traffic signal) to talked to Prime truck (window passenger side) at right curb. asked Prime truck to pull over to right curb, because he had hit my car.

Prime truck made a stop at Eastern and City Terrace. Mr. Thymes exited his car and went in front of Prime truck (window Driver's side) to talk with driver, who put his right signal on, then Prime truck kept going.

Prime driver appeared to be Hispanic male, Prime driver kept pulling sun shades on and off. Mr. Thymes kept speaking to Prime driver from Prime driver's passenger side, Prime driver refused to stop, except when mandated by red traffic signal. Clearly Prime driver, who hit Thymes vehicle, never intended to stop for Mr. Thymes.

Thymes vehicle, upon impact by Prime driver, was lifted off ground (right front-end damage (passenger side) right passenger door, and electric window will not go down)

I Luevina Donaldson, hit my head on the passenger window.

**EXHIBIT E**

# Statement from Prime, Inc. to Donalson from claims adjuster (9 pages)

2740 North Mayfair
P.O. Box 4208
Springfield, MO 65808-4208

toll free ph 800.848.4560
local ph 417.866.0001
www.PrimeInc.com

flatbed refrigerated tanker intermodal

PRIME inc.
» driven by the best

January 5, 2018

Luvenia Donalson
4123 Pal
Los Angeles, California 90034

| | | |
|---|---|---|
| RE: | Our Claim No.: | 128896 |
| | Location: | Los Angeles, CA |
| | Date of Accident: | 10/10/16 |

This letter is regarding an accident you were involved in with one of our drivers on the above captioned date.

Per our prior telephone conversations, Prime, Inc. has agreed to settle your bodily injury claim for $13,250.00, inclusive of medical expenses.

The medical expenses total $5,714.05.

Prime, Inc. has been put on notice of a medical lien from The Rawlings Company on behalf of Kaiser Foundation Health Plan, Inc. I have requested the total amount of the lien in writing. I was told by phone message that the total amount of their lien was $2,679.05, therefore the total settlement amount made payable to you will be $10,570.95. The additional medical expense will be your responsibility to pay to the medical providers.

I have enclosed a release for you to sign and return to Prime, Inc, and upon receipt of the signed release, payment will be issued.

Sincerely,

Kevin French
Claims Adjuster
kfrench@primeinc.com
417-521-3831

( 9 Pages)

EXHIBIT "E"

E-1

**The Rawlings Company LLC**
Subrogation Division

Post Office Box 2000
LaGrange, Kentucky 40031-2000

One Eden Parkway
LaGrange, Kentucky 40031-8100

November 06, 2017

Mr. Kevin French
Prime Inc.
2740 N. Mayfair Ave.
Springfield, MO 65803

| | | |
|---|---|---|
| Re: | Our Client: | Kaiser Foundation Health Plan, Inc. |
| | Subscriber/Patient: | Luvenia Donalson/Luvenia Donalson |
| | Date of Loss: | 11/10/2016 |
| | Our Reference No.: | 78091618 |
| | Your Number: | 128896 |

**NOTICE OF LIEN**

Dear Mr. French:

Kaiser Foundation Health Plan, Inc. ("Kaiser") is a non-profit health care service plan licensed under the Knox-Keene Health Care Service Plan Act of 1975. We have been informed that you represent, insure, or are otherwise responsible for a third party whose acts or omissions allegedly caused injuries or illnesses suffered by the above-referenced patient. The patient has received health care services and/or benefits as a result of these injuries or illnesses.

The Kaiser membership agreement grants Kaiser a first priority lien on the proceeds of any judgment or settlement that the member obtains against a third party because of the member's injuries or illnesses. This lien is enforceable against the funds upon which the lien is being asserted.

Because you are on notice of Kaiser's lien, you must retain possession of the proceeds of any such judgment or settlement if and when the proceeds come into your possession. You need only retain that portion of the proceeds that is sufficient to satisfy the amount of Kaiser's lien. The amount of the lien is subject to change based on charges for additional services related to the injuries or illnesses. **If you transfer or otherwise disburse the proceeds that are covered by Kaiser's lien without Kaiser's consent, you may be held liable in an amount up to the total amount of the lien.**

Please acknowledge receipt of this notice in writing by completing the enclosed information form and returning it to me as soon as possible. **To obtain the current amount of Kaiser's lien or to discuss other questions, please contact me at the number below.** Thank you for your cooperation.

Sincerely,

Matt Keeling
Recovery Analyst
(502) 614-4814
FAX: (502) 753-7005
mak1@rawlingscompany.com

E-2

**REQUEST FOR INFORMATION**

Subscriber/Patient: Luvenia Donalson/Luvenia Donalson
Our Reference No.: 78091618
**Please return or fax form to: Matt Keeling FAX: (502) 753-7005**

PLEASE COMPLETE THE FOLLOWING:

Date of Loss: ____________ State of Loss: ______________ Type of Loss: ____________________

Accident Details & Nature of Patient's Injuries:

_______________________________________________________________

_______________________________________________________________

Your Insured: ____________________________________________

Your Claim No.: __________________________________________

Liability Limit: $_________________________________________

❑ The claim has already been settled. The date was ____________ and the amount was $____________

❑ Please provide copy of release for our file.

❑ The claim was denied on ____________________________________

❑ The claim was not denied but was closed without payment on

_______________________________________________________________

The claim has been referred to Legal Counsel:

Name: ____________________________________________

Address: __________________________________________

Telephone No.: _____________________________________

Comments: ________________________________________

_______________________________________________________________

_______________________________________________________________

| | |
|---|---|
| Name (printed) | Signature and Date: |
| Phone Number | Fax Number |

E-3

**The Rawlings Company** LLC
Subrogation Division

Post Office Box 2000
La Grange, Kentucky 40031-2000

One Eden Parkway
La Grange, Kentucky 40031-8100

# TELECOPY

| | |
|---|---|
| To: | Prime Inc. Kevin French |
| Fax: | 14175215705 |
| From: | Matthew A Keeling |
| Phone: | 502-614-4814 |
| Fax: | 502-753-7005 |
| Email: | MAK1@therawlingscompany.com |
| Subject: | claim#128896 |
| Pages: | 3 |

**Message:** claim#128896

**Confidential Healthcare Information Enclosed**

Healthcare information is personal and sensitive information, and you, the recipient, are obligated to maintain it in a safe, secure and confidential manner. Disclosure of this information without additional patient consent or as permitted by law is prohibited. Unauthorized disclosure or failure to maintain confidentiality could subject you to penalties described in federal and state law.

IMPORTANT WARNING: This message is intended for the use of the person or entity to which it is addressed and may contain information that is privileged and confidential, the disclosure of which is governed by applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this information is STRICTLY PROHIBITED. If you have received this message in error, please notify us immediately and destroy the related message.

E-4

# *Laura Peña, D.C.*

## OFFICIAL LEDGER I ITEMIZED STATEMENT OF CHARGES

Name: Luvenia Donalson

SS#:

Phone #: 424-270-3071

Attorney/Ins.: Prime Inc.

TOTAL AMOUNT DUE: $3,035.00

| Date | CPT Code(s) | Plan(s) | Amount |
|---|---|---|---|
| 10/13/16 | 99204 | INITIAL CONSULTATION & EXAMINATION | 375.00 |
| 10/14/16 | 97010/97014/97012 | Hydrocollator, Muscle Stimulation, Traction | 120.00 |
| 10/17/16 | 97010/97014/97012 | Hydrocollator, Muscle Stimulation, Traction | 120.00 |
| 10/18/16 | 97010/97014/97012 | Hydrocollator, Muscle Stimulation, Traction | 120.00 |
| 10/20/16 | 97010/97014/97012 | Hydrocollator, Muscle Stimulation, Traction | 120.00 |
| 10/24/16 | 97010/97014/97012 | Hydrocollator, Muscle Stimulation, Traction | 120.00 |
| 0/25/16 | 97010/97014/97012 | Hydrocollator, Muscle Stimulation, Traction | 120.00 |
| 0/27/16 | 97010/97014/97012 | Hydrocollator, Muscle Stimulation, Traction | 120.00 |
| 0/28/16 | 97010/97014/97012 | Hydrocollator, Muscle Stimulation, Traction | 120.00 |
| 1/01/16 | 97010/97014/97012 | Hydrocollator, Muscle Stimulation, Traction | 120.00 |
| 1/03/16 | 97010/97014/97012 | Hydrocollator, Muscle Stimulation, Traction | 120.00 |
| 1/04/16 | 97010/97014/97012 | Hydrocollator, Muscle Stimulation, Traction | 120.00 |
| 1/07/16 | 97010/97014/97012 | Hydrocollator, Muscle Stimulation, Traction | 120.00 |
| 1/07/16 | 99214 | RE-EVALUATION | 200.00 |
| 1/08/16 | 97010/97014/97012 | Hydrocollator, Muscle Stimulation, Traction | 120.00 |
| 1/09/16 | 97010/97014/97012 | Hydrocollator, Muscle Stimulation, Traction | 120.00 |
| 1/10/16 | 97010/97014/97012 | Hydrocollator, Muscle Stimulation, Traction | 120.00 |
| 1/14/16 | 97010/97014/97012 | Hydrocollator, Muscle Stimulation, Traction | 120.00 |
| 1/15/16 | 97010/97014/97012 | Hydrocollator, Muscle Stimulation, Traction | 120.00 |
| /18/16 | 97010/97014/97012 | Hydrocollator, Muscle Stimulation, Traction | 120.00 |
| /18/16 | 99215 | FINAL EXAMINATION & EVALUATION | 300.00 |

Dr. Laura Peña
CA. Lic., # 24554

3717 S. La Brea Ave. Suite 206, Los Angeles, CA 90016
PH: (323) 291-3100 FX: (323) 291-3103

E-5

Copy

**SETTLEMENT AND RELEASE**
**CLAIM # 128896**

**THIS SETTLEMENT AND RELEASE AGREEMENT** (the "Agreement") is entered into by and between **Luvenia Donalson** ("Claimant"), and Prime.

**WITNESSETH:**

**WHEREAS,** an accident between Claimant and Prime is alleged to have occurred on or about **October 10, 2016** (date of loss) in **Los Angeles, CA**.

**WHEREAS,** Claimant alleges that Prime is responsible for certain damages; and

**WHEREAS,** Prime denies the allegations; and

**WHEREAS,** the parties have reached a mutually satisfactory agreement with respect to the compromise and settlement; and now desire to memorialize their agreement as set forth below.

**NOW THEREFORE**, in consideration of the mutual covenants and agreements contained herein, and for good and valuable consideration, the sufficiency of which are hereby expressly acknowledged, the parties hereto agree as follows:

1. Settlement Terms. Prime shall pay to Claimant the amount of **Thirteen Thousand Two Hundred and Fifty Dollars and 00/100----Dollars ($13,250.00)**.

2. Claimant's Release. Claimant agrees to release, (driver) **Raynard Gaither** and Prime, Success Leasing, Inc., their employees, agents, representatives, and affiliated companies from and against any and all liability, damages, claims, causes of action whatsoever including, without limitation, any claim or cause of action Claimant has or may have arising from or relating to the occurrences on the date of loss.

3. Full Satisfaction. The parties hereby warrant, represent, and certify that the terms hereof, including the payment of the monies called for herein, will effect an absolute and full satisfaction and accord of all damages and expenses claimed or incurred by Claimant.

4. Miscellaneous.

A. The parties have each read and fully understand the terms of this Agreement; each has had the opportunity to have this Agreement reviewed by counsel. The rule of construction providing that ambiguities in a contract shall be construed against the drafter shall not apply.

B. This Agreement supersedes, in all respects, all prior written or oral agreements between the parties and there are no agreements, understandings, warranties or representations between Claimant and Prime except as set forth herein. This Agreement shall be governed and construed in all ways according to the laws of the State of **California** and all property rights relating to the construction or enforcement of this Agreement shall be construed according to the laws of the State of **California**.

C. This Agreement shall inure to the benefit of and bind the respective heirs, successors and assigns of the parties herein.

**IN WITNESS WHEREOF**, this Agreement has been executed by the parties on the date below.

**CLAIMANT**

Date: 1-09-18 Luvenia Donalson

**SS #:** 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 **DOB:** 4-10-62



E-6

**SETTLEMENT AND RELEASE**
**CLAIM # 128896**

**CLAIMANT SPOUSE**

Date: 1-09-18

______________________________

**SS #:** ____________ **DOB:** ____________



E-7 See Attached Paper.

January 09, 2018

Luvenia Donalson

4123 Palmyra Road

Los Angeles Ca, 90008

Copy

Prime, Inc

Claim Number: 128896

Date of Loss: 10/10/2016

Mr. Kevin French

Claim Adjuster

2740 North Mayfair Ave

Springfield, Missouri 65803

If the full amount is not made out to me (Luvenia Donalson) $13, 250.00 only, I will not cash the check and this agreement will be VOID.

Sincerely,

Luvenia Donalson

(424) 251-6460

**LUVENIA DONALSON**
**2405 Corning Street, #20**
**Los Angeles, CA 90034**
**(424) 251-6440**

March 20, 2018

Kaiser Foundation Health Plan, Inc.
c/o Knox-Keene Health Care
Service Plan Act of 1975
**ATTN: LEGAL DEPARTMENT**
Agent for Defendant Kaiser Foundation
6141 Cadillac Avenue
Los Angeles, CA 90034

The Rawlings Company, LLC
One Eden Parkway
La Grange, KY 40031-8100
**ATTN: LEGAL DEPARTMENT**

RE: DEMAND FOR SETTLEMENT

Dear Sirs:

As set out in the attached unfiled lawsuit. I am giving you a chance to settle this matter, without my filing the enclosed lawsuit against you.

As you see, in the Ninth Cause of Action, I am suing you for refusing to pay my bills for personal injuries I sustained in an automobile accident on 10/16/2016. As you know, I pay for this insurance via payroll deduction. I submitted my claim for my medical coverage, based n my insurance company. I timely sent a demand for (out of court) settlement.

I am allowing you time to consider payment of my insurance billings, or within. I am giving you five days to respond to this demand not to exceed five days after receipt of this demand to respond, **not to exceed March 28, 2018** to get back to me by calling **(424) 251-6440**. If I do not hear from you on or before March 28, 2018 **firm.**

Sincerely,

Luvenia Donalson

Luvenia Donalson

cc: John A. Thymes

E-9