**Original**

FILED
CLERK, U.S. DISTRICT COURT
JUL 2 7 2018
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

JOHN A. THYMES
LUVENIA DONALSON
2405 Corning Street, #20
Los Angeles, CA 90034
(562) 650-5333

PLAINTIFFS

IN PROPRIA PERSONA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOHN A. THYMES, LUVENIA DONALSON,<br><br>Plaintiffs,<br><br>v.<br><br>NEW PRIME INC., a Corporation dba PRIME INC. in its corporate capacity, PRIME INC. a Corporation dba PRIME INC. in it corporate capacity, ROBERT LOW in his individual and official capacity, KEVIN FRENCH in his individual and official capacity, RAYNARD GAITHIER in his individual and official capacity, THE RAWLINGS COMPANY, LLC, in its corporate capacity, KAISER FOUNDATION HEALTH PLAN INC. in its corporate capacity, and DOES 1 thru 10, inclusive<br><br>Defendants. | CASE NO.: LACV18-2725-JAK (JC) by Order of Judge John A. Kronstadt, Doc. No.: 34 Friday, July 13, 2018<br><br>1. SECOND AMENDED VERIFIED COMPLAINT FOR 10/10/2016 HIT and RUN, and DAMAGES FOR PERSONAL INJURIES<br>2. FOR PROPERTY DAMAGES FROM HIT and RUN, AND ELECTRICAL DAMAGE TO THE CAR, DAMAGE TO PERSONAL PROPERTY<br>3. BAD FAITH FOR BREACH OF CONTRACT AND SETTLEMENT AGREEMENT<br>4. GROSS NEGLIGENCE for 10/10/2016 HIT and RUN ACCIDENT<br>5. FRAUD, CONSPIRACY, RACKETEERING and CONCEALMENT Title 18 U.S.C. §§ 1341, 1343, 1001, 1961 and 1962, 28 U.S.C. § 1746 FOR PERJURY<br>6. EMOTIONAL DISTRESS, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br><br>DEMAND FOR JURY TRIAL |

**By Order of Judge John A. Kronstadt, Doc. No.: 34 Friday, July 13, 2018 to Amend Our Complaint as to Defendants PRIME, Inc., Robert Low, and Kevin French OSC as to federal jurisdiction for these defendants**

## I. PARTIES

1. Plaintiffs John A. Thymes, 2405 South Corning Street, #20, Los Angeles, CA 90034 and Luvenia Donalson, 2405 South Corning Street, Los Angeles, CA 90034. Both plaintiffs are competent individuals, citizens and residents, domiciled in the City and County of Los Angeles, in the State of California.

2. DEFENDANT NEW PRIME, INC. dba PRIME INC. is a Corporation, whose principle business is in the state of Missouri, address at 2740 North Mayfair Avenue, Greene County, Springfield, Missouri 65803. Its Chief Executive Officer, Robert Low, is an individual, working in Missouri 65808-4208.

3. DEFENDANT PRIME, INC., dba PRIME INC. is a Corporation doing business as PRIME INC., whose principle business address is 2740 North Mayfair Avenue, Greene County, Springfield, Missouri 65803. The name NEW PRIME INC. was created after Plaintiffs filed their claim for damages as a result of the accident caused by their driver, Raynard Gaither in California, who crossed state lines and drove to Missouri. NEW PRIME INC.'S parent company, sued as PRIME INC. has its head office located in the City of Springfield in the state of Missouri, located under the supervision of its Chief Executive Officer, Robert Low, an individual, working in Missouri 65808-4208.

4. Defendant Robert Low is an individual, the Owner and Chief Executive Officer of Defendants Prime, Inc. and New Prime Inc. He is a citizen of the United States, his principle address is in the state of Missouri at 2740 North Mayfair Avenue, Greene County, Springfield, MO 65808-4208.

5. Defendant Kevin French is an individual, employee and employed as an Insurance Claims Adjuster for Defendant New Prime Inc. dba Prime, Inc. Kevin French is a citizen of Missouri, and his principle resident and business address is 2740 North Mayfair Avenue, Springfield, MO 65808-4208.

6. Defendant Raynard Gaither, is an individual and employee of New Prime Inc., dba Prime Inc. Raynard Gaither' principle employee and business address is 2740 North Mayfair Avenue, Springfield, MO 65808-4208. On October 10, 2016, Raynard Gaither, employed by Prime, Inc. New Prime Inc. dba Prime Inc. was the "driver" who struck Plaintiffs' car with his truck when he made an illegal left turn, then fled the scene.

7. Defendant THE RAWLINGS COMPANY, LLC is a limited liability corporation, whose principle business is at One Eden Parkway, Lagrange, Kentucky 40031-8100. The RAWLINGS COMPANY, LLC is a third party debt collector, and collects for Defendant KAISER FOUNDATION HEALTH PLAN, INC.

8. Defendant KAISER FOUNDATION HEALTH PLAN, INC. is a company whose principle business is at 2740 North Mayfair Ave., Springfield, Missouri 65808-4208, and is a third party brought in to collect an unlawful debt.

9. KAISER PERMANENTE INSURANCE COMPANY is Plaintiff Luevinie Donalson's insurance carrier in the state of California, whose principle business address is 1843 ½ La Cienega Blvd., Los Angeles, Calif. 90035. These two KAISER businesses are not related to each other in any way, and have nothing to do with each other. Donalson's insurance is in California, the other insurance by a different name is in Missouri.

10. DOES 1 TO 10 are unknown persons, designated as DOES 1 to 105, inclusive, all named Defendants and Defendant GAITIER are agents, ego, employees, officers, attorneys,

co-worker coconspirators' co-defendant, inspector, co-actor and co-violator and conspirator in the underlying action. The foregoing defendants, alter egos and coworkers, should and may be called co-conspirators, subjects, named and unknown defendants DOES 1 to 10, inclusive names, approved and identified DOES 1 to 10, herein called.

## II.
## JURISDICTION AND VENUE

11. Jurisdiction is proper per Title 28 U.S.C. § 1331, 1332, 1369, 1603(c); fraud, Title 18 U.S.C. §§ 1341, 1343, 1001, 1961 and 1962 for perjury, conspiracy, aiding and abetting, racketeering, and concealing information. Each Plaintiff originally negotiated with Defendants in writing for over $300,000.00 for damages and punitive damages which is over $75,000.00. Venue is proper because the accident occurred in the state of California in the County of Los Angeles on 10/10/2016 on the I-10 freeway off ramp. At the time of the accident, all defendants lived, resided and/or had their principle business addresses out of state: PRIME INC., NEW PRIME INC., Robert Low, Kevin French, Raynard Gaither and KAISER FOUNDATION HEALTH PLAN, INC all at their principle address of 2740 North Mayfair Avenue, Greene County, Springfield, Missouri 65803; and THE RAWLINGS COMPANY, LLC principal address at One Eden Parkway, Lagrange, Kentucky 40031-810. Defendants, and each of them, have principle business addresses not within the state of California. Plaintiffs, and each of them, are residents in the state of California at 2405 Corning Street, #20, Los Angeles, Calif. 90035. There exists a diversity of citizenship between Plaintiffs and Defendants. The accident occurred on I-10 freeway off ramp in the County of Los Angeles, state of California. Jurisdiction is federal, as after the hit and run, Gaithier crossed state lines from California to Missouri; Plaintiffs live in California, the accident happened in California,

and Defendants are all in the other states of Missouri and Kentucky. Jurisdiction is federal based on complete diversity of citizenship.

## III.
## STATEMENT OF CASE
### F.R.C.P., Rule 8 (Exhibits "A" and "B")
### (Thymes and Donalson's Statements re 10/10/2016 "Hit and Run" Complaint)

12. This action arises from the October 10, 2016 hit and run accident which occured in the County of Los Angeles and in the State of California, and which was caused by Defendant RAYNARD GAITHER ("GAITHER"), employee for New Prime Inc. dba Prime Inc. Defendant GAITHER recklessly operated his truck, causing the accident when he made an illegal and wrongful left turn from the right lane, thereby hitting and injuring Plaintiffs John A. Thymes ("THYMES"), Luvenia Donalson ("DONALSON"), causing personal injuries to Thymes, Donalson, and damages to Plaintiff's Thymes' property (2000 Toyota Camry). After striking Plaintiffs' car while making an illegal left turn, Defendant Gaithier refused to stop, see EXHIBITS A and B Statements of John Thymes and Luevina Donalson.

13. Defendant French, in 2016 requested Plaintiffs hold off filing this action until the case was settled, and the agreed-upon settlement was completed, see EXHIBIT C copy of January 5, 2017 letter from Prime Inc. settlement agreement to settle with plaintiffs. Plaintiffs held off filing the complaint, but to date Defendants have refused to settle the contract and agreement and release the funds. Defendants instead brought in 3rd parties – defendants THE RAWLINGS COMPANY LLC and KAISER FOUNDATION HEALTH PLAN, INC. as debt collectors to attempt to collect an illegal debt. The above Statement of Case is based on Defendants' Breach of contract and agreement, see EXHIBIT C.

14. Defendant and Defendants New Prime Inc., dba Prime Inc., Robert Low, Kevin French and Raynard Gaither had knowledge that Defendant Raynard Gaither had caused a "Hit and Run" accident on 10/10/2016. Defendants accepted all liability.

15. Defendants' fraud, concealment, racketeering and acting in bad faith was intentionnal, and has caused Plaintiffs pain, suffering and emotional distress; was intentional, and have caused Plaintiffs excessive and unnecessary legal expense with having to go out and obtain typists and secretarial services. Defendants' intentional infliction of emotional distress caused to Plaintiffs, Defendants' bad faith, bad faith motions, and deliberate causation of excessive legal expenses to Plaintiffs alone is way above and beyond $75,000.00 in damages, as this case never should have to come before this court. The case was already undisputed and agreed upon by all parties, and never should have been brought into court. Each and every one of the Defendants had knowledge of the undisputed and uncontroverted Settlement Agreement, EXHIBIT C, which makes their acts intentional and gives Plaintiffs standing under RICO for Defendants and the 3rd party Defendants' false lien, and attempted collection of an illegal debt. Each and every Defendant and Defendants have accepted full liability for the 10/10/16 hit and run accident.

16. Defendants, each of them, are trying to use the settlement agreement of $13,000.00 for John Thymes and $13,250.00 for Luevinia Donalson to say that this court does not have jurisdiction, because the amount is less than $75,000.00. These were out of court settlement agreements, and cannot be used by Defendants to say that this court does not have jurisdiction, as Defendants breached their agreement, and have concealed from this Court that Plaintiffs' original offer was for over $300,000.00. The Court is not to consider Defendants' argument that this court does not have jurisdiction. Plaintiffs' original settlement began with over

$300,000.00 for each Plaintiff because Defendants accepted full liability. Defendants breached the settlement agreement, forcing Plaintiffs into court, which is why Plaintiffs are asking for punitive damages. The amount that Plaintiffs originally offered, owver $300,000.00, far exceeds $75,000.00, and that was put in writing, which Defendants have concealed from the Court. Plaintiffs requested medical treatment from Defendants. Defendants never addressed Plaintiffs' request or arranged to send Plaintiffs to a doctor, and never denied it. Hit and run is a criminal matter, which becomes federal when the Defendant Raynard Gaithier crossed state lines from the County of Los Angeles in the State of California to the State of Missouri.

## IV.
## STATEMENT OF FACTS
### F.R.C.P., Rule 8

**Statement re 10/10/2016 Hit and Run Accident caused by Raynard Gaithier, employee of New Prime Inc. dba Prime Inc., BREACH OF SETTLEMENT AGREEMENT, UNDISPUTED, NO CONTROVERSY SETTLEMENT AGREEMENT SIGNED BY DEFENDANT FRENCH; DEFENDANT "HIT AND RUN" ACCIDENT, THIRD PARTIES THE RAWLINGS COMPANY LLC and KAISER FOUNDATION HEALTH PLAN, INC. brought in as debt collectors to collect an illegal debt [(01/05/2018 (see Exhibit "C") SETTLEMENT AGREEMENT]**

17. Plaintiffs incorporate Paragraphs 1 thru ¶¶ 16, inclusive, as if set out herein in full.

18. The INCIDENT of the 10/10/ 2016 hit and run motor vehicle accident occurred on the California Interstate 10 Freeway, City Terrace off ramp, at approximately 11:50 A .M., when Defendant Gauthier made an illegal left turn from the right lane, hitting Plaintiff Thymes' 2000 Toyota Camry, which was stopped in the left lane waiting for traffic to clear, so he could make a left turn. Gaithier pulled out from the right lane and turned left in front of Plaintiff Thymes' 2000 Toyota Camry in order to make an illegal left turn, and struck Thymes' car on the passenger side, causing major damage and personal injury to Plaintiff. Thymes and Luvenia Donalson chased after Gaithier's truck after Gaither refused to stop when followed by Thymes, who tried to talk with Gaithier on two different occasions when

Gaithier was stopped at a red light. Gaithier put his right blinker on, indicating he would pull over, then took off instead. This is undisputed by all Defendants, who have accepted full liability and paid for the bodywork on Plaintiff Thymes' car, check no.: 576246, paid on December 30, 2016, amount of $1,191.27. This repair did not cover the electrical problems, overheating (radiator) and did not put the car back to its original condition; and did not cover Thymes' rental car expenses.

19. Defendant Raynard Gaithier is an individual, employed by Defendant New Prime Inc., dba Prime, Inc. Gaithier recklessly and negligently operated the truck he was driving, owned by Prime Inc., vehicle, Front Plate 03AS86, Rear Plate No. 871637, and did hit and injure plaintiffs John A. Thymes and Luvenia Donalson. Gaithier's truck hit Plaintiffs' car on the front right (passenger) side, which caused damage to right side door fender, front bumper and also caused electrical problems. After the hit, Gaithier fled from the scene of the subject injury-incident. Plaintiffs were forced to follow Defendant Gaither to get his (driver's) license plate number, see Exhibits "A and B." Defendant Gaithier refused to stop and show Plaintiff Thymes his license, insurance and necessary information.

20. Thymes chased Gaithier's truck down freeway after Gaithier struck Thymes' car, then illegally fled the accident scene. Thymes chased Gaither's truck for about 4-5 miles, then called California Highway Patrol 911 and gave the information about the license plate numbers front and back. Highway Patrol told Thymes to back off.

21. Defendant Gaither willfully, reckless, intentionally and knowingly left the accident scene, where plaintiffs (both Plaintiffs reside or work in the County of Los Angeles and citizens of the state of California), and each of them, were seriously injured and required emergency medical the injury-accident caused totally by Defendant Gaither, and DOES 1 thru

10, inclusive. Defendants, and each of them, knew that Gaithier knowingly left injured Plaintiffs at the scene of the accident. Hit and run is a crime. Gaither committed a crime and further injured Thymes and Donalson when he refused to stop and show Plaintiff Thymes his license, insurance and necessary information, as detailed in Plaintiff's numerous correspondences (see Exhibit "D" – copy of one letter dated November 1, 2016) with Defendant Prime Inc., or exchange information, required by law, for an accident caused by Gaithier.

22. Each Defendant, NEW PRIME INC. dba PRIME INC., Robert Low, Kevin French, Raynard Gaithier, and DOES 1 thru 1 has accepted full liability for this "Hit and Run" (Exhibits "A – C") and/ Breach of Contract per written Settlement Agreement dated January 5, 2018 (Exhibit "C") each. Plaintiffs' Statement of case is incorporated herein by reference with Plaintiffs' Exhibits "A," "B" thru "C" and "D"). New Prime Inc. dba Prime Inc., and each defendant, especially Defendant Low, have not provided the necessary information for, *inter alia*, liability insurance purposes. At the date of the accident on 10/10/2016, New Prime Inc. was not registered with the California Secretary of State, but is registered with the Missouri Secretary of State, see EXHIBIT E copy of Secretary of State Statement of Information dated Feb. 6, 2017, which shows New Prime Inc.'s address as 2740 North Mayfair Avenue, Greene County, Springfield, Missouri 65803. AFTER the 10/10/2016 accident, New Prime, Inc. dba Prime Inc. registered with the California Secretary of State on February 6, 2017, see EXHIBIT F copy of California Secretary of State filing.

23. Defendants and Plaintiffs reached an agreement on settling this Claim on 1/5/2018. Defendants, and each of them, have ignored and breached the "Settlement (Exhibit "C") reached in January 5, 2018. Plaintiffs Thymes and Donalson are bringing this action for

Breach of Settlement Agreement Exhibit "C" and request that sanctions should be levied against each Defendant NEW PRIME INC. dba PRIME INC., Robert Low, Kevin French, Raynard Gaithier, and DOES 1 thru 10, as these defendants are engaged in gamesmanship, games playing and acting in bad faith, as set forth below.

24. Plaintiffs Thymes and Donalson have extended and acted in good faith dealing with the case below. Thymes and Donalson have been waiting for the Defendants to send the release, promised in Exhibit "C;" Thymes is awaiting the check, as promised by Defendants' Low, Gaither and French, to no avail. Thymes waited for the settlement check, as promised by Defendants Robert Low, Gaither and Kevin French. This matter has been brought to the attention of this Court. This is yet another unfulfilled agreement of Defendants French and co-defendants and the remaining defendants, and each other defendants.

25. Plaintiffs did everything they could to settle, and not end up in court, which is expensive. Plaintiffs gave Defendants a final, urgent Notice and immediate reply request to settle this matter out of court, see EXHIBIT G and EXHIBIT H letters. Instead of settling, Defendants engaged in gamesmanship by refusing, see EXHIBIT J and EXHIBIT K. Plaintiffs still attempted to settle, see EXHIBIT L letter Thymes wrote to law firm.

26. Defendants NEW PRIME INC. dba PRIME INC., PRIME INC., Robert Low, Kevin French, Raynard Gaithier and DOES 1 – 10 Defendants conspired with each other, and had this plan in place to obstruct and conceal before they agreed to settle with Plaintiffs. Defendants kept NEW PRIME INC. dba PRIME INC. concealed the whole time they were negotiating with Plaintiffs, and concealed the fact that Robert Low was President of both entities, see EXHIBIT M Rob Low at Prime Inc., EXHIBIT N Rob Low, President and Founder at Prime Inc., EXHIBIT O Secretary of State filing, and EXHIBIT P Business search

– New Prime Inc., showing its Missouri address Plaintiffs were finally forced into court, sued defendants, service perfected and signed for on 4/11/2018 by Briananа Payne, see EXHIBIT Q copies of certified mail receipts for Defendants Raynard Gaithier c/o Prime Inc., Kaiser Foundation Health Plan Inc. Licensed Under Knox-Keene Health Care Service Plan Act Of 1975, Prime Inc., Robert Low c/o Prime Inc., The Rawlings Company, and Kevin French. It is undisputed that all Defendants were properly served and responded via their counsel. Not one time through the entire communications between Plaintiffs and Defendants, did any of the Defendants ever mention NEW PRIME INC., and there is no mention of NEW PRIME INC. in any of their settlement papers and correspondence from Day One. The evidence and timeline shows that Defendants had no intention to pay Plaintiffs' settlement claim but instead intended to, and did, conceal facts, conceal identities, create extreme hardship on Plaintiffs by forcing them to go to court, and displayed deliberate and extreme callousness towards Plaintiffs by refusing to settle and forcing Plaintiffs into court.

**V.**

**PLAINTIFFS' FIRST CLAIM FOR "HIT AND RUN" 10/10/2016 and DAMAGES FOR PERSONAL INJURIES AGAINST DEFENDANTS NEW PRIME INC. dba PRIME INC., Robert Low, Kevin French, Raynard Gaithier, and DOES 1 thru 10**

**GAITHER MADE UNSAFE AND ILLEGAL LEFT TURN FROM RIGHT LANE**

27. Plaintiffs incorporate Paragraphs 1 thru ¶¶ 26, inclusive, as if set out herein in full.

28. All Defendants have knowledge and have agreed they are liable for Gaither's causation of the accident and damages to Plaintiffs and Thymes' car after Gaither refused to stop when followed by Thymes, who tried to talk with Gaithier on three different occasions when Gaithier was stopped at a red light. Gaithier put his right blinker on, indicating he would pull over, then took off instead each time. Gaithier intentionally and maliciously injured Plaintiffs. Defendants New Prime Inc. dba Prime Inc.'s truck, operated by Gaither, hit

Plaintiff's vehicle, on October 10, 2016 afternoon, and never stopped. Defendants New Prime Inc. dba Prime Inc. knew that their Driver, Gaither, hit Plaintiffs' automobile and caused an accident (see Exhibits "A", "B" and, *without limitation* "C," "D" and "E," incorporated herein as if set out in full below.)

29. All Defendants knew that Gaithier left the scene and never looked back to see if anyone was injured or killed.

30. Defendants, and each of them proximately caused the damages from which Plaintiffs have set out above.

31. Defendant's New Prime Inc. dba Prime Inc.'s Driver, Gaither, and DOES 1 thru 10, had a duty of care, by and through its employees, Gaither, and DOES 1 thru 10, inclusive. Defendants owed non-delegable statutory and common duty of care to Plaintiffs Thymes and Donalson, which they deliberately refused to render.

32. Plaintiffs Thymes and Donalson should be protected from abuse, neglect and harm by the Defendants, and each of them.

33. Defendants' acts were intentional and illegal and by leaving the scene, as Defendants did, was criminal. Defendants and each of them, are liable for Defendant Gaither's reckless driving, fleeing the scene, and refusal to stop, see Plaintiff THYMES and DONALSON'S statements (EXHIBITS "A" and "B")

34. Defendants knew that Gaithier had an absolute duty of care – to stop his vehicle to check for injured, as Gaithier had a clear view that Plaintiffs were in the vehicle, which Defendants hit and damaged with their truck.

35. The Defendants lead Plaintiffs to believe that Defendants intended to settle their Claim for the hit and run accident on 10/10/2016. Defendants' actions of refusing to settle

after agreeing to said settlement, bringing in 3rd party debt collectors to attempt to collect on a non-existent lien, denying Plaintiffs' Settlement and dragging Plaintiffs through unnecessary litigation, <u>shows</u> that Defendants are acting in bad faith with unclean hands.

36. Defendants injured and proximately caused damages to Plaintiffs in their persons and property; thus damages should not be less than $1,000,000.00 for each Plaintiff from each Defendant to make Plaintiffs whole.

## VI.
## PLAINTIFFS' SECOND CLAIM FOR "HIT AND RUN" 10/10/2016 and FOR PROPERTY DAMAGES AGAINST ALL DEFENDANTS NEW PRIME INC. dba PRIME INC., PRIME INC., Robert Low, Kevin French, Raynard Gaithier, and DOES 1 thru 10

37. Plaintiffs incorporate Paragraphs 1 thru ¶¶ 36, inclusive, as if set out herein in full.

38. On October 10, 2016, Defendants Prime, Inc.'s, driver, Defendant Gaither and DOES 1 thru 10, inclusive, knowingly made an illegal, unsafe and reckless left turn, in front of Plaintiff THYMES on a California freeway off-ramp, causing injury, which could have possibly caused death of a human being. Defendant Gaither then illegally left the scene of the incident, which is beyond a rational person's comprehension. This is exactly what Defendant Gaither did 10/10/2016 New Prime Inc. dba Prime Inc., New Prime Inc. dba Prime Inc.'s Driver, Gaither, did on 10/10/2016 to Plaintiffs Thymes and Donalson, never to give Plaintiffs a thought. This behavior is outrageous, reckless, incomprehensible, inhuman and, *inter alia*, made without caring whether Plaintiffs were harmed and injured at the hands of Defendants, whose demeanor seemed on 10/10/2016 to be "live or die," who cares.

39. Plaintiffs are entitled to $1,000,000.00 each for their injuries, pain, suffering and, *inter alia,* defendants' cruel, willful, reckless, negligent and intentional torts against Plaintiffs. Defendants, and each of them, knowingly made the illegal acts, such as their illegal and

reckless operation of their (defendant New Prime Inc. dba Prime Inc.'s vehicle) above-described vehicle. When Defendants New Prime Inc. dba Prime Inc. and Gaither turned into Plaintiff's left lane, they hit Plaintiffs on the right passenger side and front bumper while they were stopped in left lane, also damaging the electrical system of Plaintiff Thymes' 2000 Toyota Camry.

40. As a direct result of Defendants gross negligence, specified above and set out in Plaintiffs 'attached Exhibits, namely Exhibits "A" and "B," incorporated herein, Defendants hit Plaintiff's 2000 Toyota Camry and illegally fled from the scene.

41. Both Plaintiffs Thymes and Donalson were injured and incapacitated with fear and personal injuries, until Plaintiff noticed Defendants New Prime Inc. dba Prime Inc.'s Driver, Gaither was illegally fleeing from the incident, scene of accident which they caused, and were at fault of Defendant New Prime Inc. dba Prime Inc.'s, Gaither and DOES 1 thru 10, inclusive. Thymes chased down freeway after Defendant, as set out in Exhibits "A" and "B," who was illegally fleeing the accident scene. Thymes chased Gaither's truck for about 4-5 miles, then called 911 and gave the information about the license plate numbers front and back. Highway patrol told Thymes to back off.

42. Defendants NEW PRIME INC. dba PRIME INC., PRIME INC., Robert Low, Kevin French, Raynard Gaithier, and DOES 1 thru 10, inclusive, in some manner are liable for plaintiffs' Thymes and Donalson's injuries.

43. Thymes' 2000 Toyota Camry has a value, per Kelly Blue Book of about $35,000.00. The damage to Thymes' 2000 Toyota Camry including the electrical damage from the 10/10/2016 "Hit and Run" caused Thymes' car to be totaled. Plaintiff's vehicle kept over-heating due to the damage to the radiator, engine and the electrical unit, and subsequently the

burned wires could not be replaced. Therefore, Plaintiff's 2000 Toyota Camry was realistically totaled, causing loss to Plaintiff of his 2000 Toyota Camry.

44. Plaintiffs do not know the amount of damages for personal injury; however said damages should not be less than $1,000,000.00 for each Plaintiff from each Defendant f NEW PRIME INC. dba PRIME INC., PRIME INC., Robert Low, Kevin French, Raynard Gaithier, and DOES 1 thru 10 to make Plaintiffs whole for the hit and run, leaving the scene, accepting liability, and refusing to pay the settlement agreement Claim no. 128896 dated January 5, 2018. It is undisputed and uncontroverted that Defendants accepted full liability doe the hit and run accident on 10/10/2016 and damages resulting therefrom. Plaintiffs first made an offer – a letter in writing to the Defendants for over $300,000.00.

**VII.**
**THIRD CLAIM OF RELIEF FOR DAMAGES**
**BAD FAITH BREACH OF CONTRACT/WRITTEN**
**SETTLEMENT AGREEMENT FOR DAMAGES (Exhibit "C")**
**AGAINST ALL DEFENDANTS AND DOES 1 THRU 10, INCLUSIVE**
**IT IS UNDISPUTED AND UNCONTROVERTED THAT DEFENDANTS NEW PRIME INC. dba PRIME INC., PRIME INC., Robert Low, Kevin French, Raynard Gaithier, and DOES 1 thru 10 ACCEPTED FULL LIABILITY FOR THE 10/10/2016 HIT AND RUN ACCIDENT**

45. Plaintiffs incorporate Paragraphs 1 thru ¶¶ 44, inclusive, as if set out herein in full.

46. On January 5, 2018 (EXHIBIT "H") Defendants FRENCH, LOW and DOES 1 thru 10, inclusive, Defendants NEW PRIME INC. DBA PRIME INC., LOW, FRENCH, GAITHER and DOES 1-10 failed/refused to settle Claim No. 128896 after they made an agreement to settle Claim No. 128896, see Exhibit "C." This has caused extreme hardship emotional distress, and stress upon Thymes, a senior citizen, who expected settlement after Defendants NEW PRIME INC. DBA PRIME INC., LOW, FRENCH, GAITHER and DOES 1-10 agreed to settle for making an illegal, unsafe and reckless left turn in front of Plaintiff

THYMES on a California highway, causing injury (Exhibits "A" – "C"), and which could have resulted in possible death of a fellow human being from hit and run, and illegally leaving the scene of the accident. Additional stress occurred when Defendants refused to call or write back after Thymes and Donalson made repeated phone calls and sent correspondence to the Defendants on the settlement.

47. Plaintiffs do not know the amount of damages for this delay, non-response; however said damages should not be less than $1,000,000.00 for each Plaintiff from each Defendant to make Plaintiffs whole.

**VIII.**
**FOURTH CLAIM OF DAMAGES FOR GROSS NEGLIGENCE AGAINST DEFENDANTS NEW PRIME INC. DBA PRIME INC.'S, FRENCH, LOW AND DOE DEFENDANTS "1" THRU "10" IT IS UNDISPUTED AND UNCONTROVERTED THAT DEFENDANTS NEW PRIME INC. dba PRIME INC., PRIME INC., Robert Low, Kevin French, Raynard Gaithier, and DOES 1 thru 10 ACCEPTED FULL LIABILITY FOR THE 10/10/2016 HIT AND RUN ACCIDENT**
**PLAINTIFFS AGAINST EACH DEFENDANT AND ALL DEFENDANTS**

48. Plaintiffs incorporate Paragraphs 1 thru ¶¶ 47, inclusive, as if set out herein in full.

49. Defendant, Defendants and Plaintiffs agreed, in writing, per EXHIBIT C, that Plaintiffs Thymes and Donalson shall be made whole in certified funds. Defendants are not telling this Court, and are concealing from this Court, that Plaintiffs first mailed a letter to Defendants requesting settlement of over $300,000.00 so they wouldn't have to go to court. Defendants fixed the body work on Thymes' car, but never fixed the electrical and the overheating, and never paid Plaintiffs' medical bills. Defendants never finished the settlement, and Plaintiffs' bills are more than that.

50. Defendant and Defendants refusal to settle is an act of bad faith, and has caused hardship on Plaintiff Thymes by forcing him to continue to rent a car at around $150.00 per

week, and forcing him to file this lawsuit, which costs him filing fees, process service, mailing, typist's fees, secretarial services, etc. This is totally unnecessary, as Defendants have agreed with their settlement agreement, yet have refused to release the funds and send Plaintiffs the agreed-upon settlement check in certified funds. Defendants' bad faith is also evidenced by their refusal to respond to Thymes' numerous phone calls and numerous correspondences.

51. As a direct result of Defendant and Defendants' gross negligence, Plaintiff Thymes and Plaintiff Donalson, and each of them, seek an award not less than $1,000,000.00 each from Defendants. Each Defendant had knowledge, and refused to settle.

52. Defendants, and each of them, showed a blatant disregard for their negligent acts and for injuries caused to Plaintiffs by Defendant Prime, Inc., Gaither, who could have killed Plaintiffs, yet who illegally fled from the incident/accident, with knowledge that Defendant Prime, Inc.'s Driver, Gaither, hit, damaged and injured Plaintiffs.

53. As a direct result of Prime, Inc.'s Driver, Gaither causing personal injuries and losses to Plaintiffs Thymes and Donalson; for Gaither's unconcern and, *inter alia*, breach of duty, leaving the scene of the accident, hit and run, willfully fleeing the scene, callous disregard for Plaintiffs' well being and safety, all Defendants have accepted full liability to Plaintiffs Thymes and Donalson for damages for personal injuries, pain and suffering, property damages and, *inter alia*, not less than $1,000,000.00 for each of them. Plaintiffs do not know the amount of damages for this delay, non-response and bad faith; however said damages should not be less than $1,000,000.00 for each Plaintiff from each Defendant to make Plaintiffs whole.

**IX**

**FIFTH CLAIM FOR DAMAGES**

**FRAUD, CONSPIRACY, RACKETEERING and CONCEALMENT Title 18 U.S.C. §§ 1341, 1343, 1001, 1961 and 1962, 28 U.S.C. § 1746 FOR PERJURY. IT IS UNDISPUTED**

**AND UNCONTROVERTED THAT DEFENDANTS NEW PRIME INC. dba PRIME INC., PRIME INC., Robert Low, Kevin French, Raynard Gaithier, THE RAWLINGS COMPANY, KAISER FOUNDATION HEALTH PLAN INC., LICENSED UNDER KNOX-KEENE HEALTH CARE SERVICE PLAN ACT OF 1975 and DOES 1 thru 10 ACCEPTED FULL LIABILITY FOR THE 10/10/2016 HIT AND RUN ACCIDENT. PLAINTIFFS AGAINST EACH DEFENDANT AND ALL DEFENDANTS**

54. Plaintiffs incorporate Paragraphs 1 thru ¶¶ 53, inclusive, as if set out herein in full.

55. Defendant Gaither, positioned in the right lane, could only make a right turn onto City Terrace, see EXHIBITS C and D. Defendant Gaither's reckless act of improperly making a left turn and damaging Thymes' car caused Thymes' car to be totaled. Gaither knew he caused damage, yet fled the scene even after Thymes attempted to stop him twice, and continued to follow Defendant Gaithier, where Gaithier entered the I-10 Freeway trying to get away. Plaintiff followed for another 4-5 miles, then called Highway Patrol. These facts were also known to other Defendants, who conspired to obstruct justice and settlement for Plaintiffs.

56. Defendant and Defendants THE RAWLINGS COMPANY LLC, principle address at One Eden Parkway, LaGrange, Kentucky 40031-8100, conspired with each of the other defendants, NEW PRIME INC. dba PRIME INC., PRIME INC., Robert Low, Kevin French, Raynard Gaithier to collect an unlawful debt by using KAISER FOUNDATION HEALTH PLAN INC. LICENSED UNDER KNOX-KEENE HEALTH CARE SERVICE PLAN ACT OF 1975, whose principle address is in 2740 North Mayfair Ave., Springfield, Missouri 65808-4208, to put a fraudulent lien against Plaintiff Donalson's settlement agreement. This injured both Plaintiffs. Each and every Defendant knew that KAISER FOUNDATION HEALTH PLAN INC. LICENSED UNDER KNOX-KEENE HEALTH CARE SERVICE PLAN ACT OF 1975 in the state of Missouri had nothing to do with, and was not connected in any way with Plaintiff Donalson's health plan with KAISER PERMANENTE INSURANCE COMPANY, located in the state of California.

57. Plaintiff Donalson's health plan is with KAISER PERMANENTE INSURANCE COMPANY, which has nothing to do with KAISER FOUNDATION HEALTH PLAN, INC. The two plans are not related. THE RAWLINGS COMPANY, LLC, is acting as a collection agent for KAISER FOUNDATION HEALTH PLAN, INC., which has nothing to do with Luevina Donalson's health plan with KAISER PERMANENTE INSURANCE COMPANY. These two defendants, RAWLINGS and KAISER FOUNDATION HEALTH PLAN, INC. had nothing to do with KAISER PERMANENTE INSURANCE COMPANY, address at 1843 ½ La Cienega Blvd., Los Angeles, Calif. 90035, and are trying to collect an illegal debt. PRIME INC, Robert Low and Kevin French have not put in any papers from KAISER PERMANENTE INSURANCE COMPANY requesting THE RAWLINGS COMPANY, LLC to collect an illegal debt. KAISER PERMANENTE INSURANCE COMPANY never sent Donalson a bill, her insurance is paid through her employer, so there is nothing to collect.
Plaintiff Donalson made a demand upon Kaiser Foundation Health Plan, Inc., c/o Knox-Keene Health Care Service Plan Act of 1975, ATTN.: Legal Department, Agent for Kaiser Foundation, 6141 Cadillac Ave., Los Angeles, Calif. 90034 and The Rawlings Company, LLC, One Eden Pkwy., La Grange, KY 40031-8100 ATTN: Legal Department. This was Donalson's DEMAND FOR SETTLEMENT, see EXHIBIT 9 copy of Demand letter. Donalson gave them a chance to settle for breach of contract/settlement agreement, fraud and bad faith. Rawlins Company held themselves out as a collection agent for Kaiser Foundation. They had no judgment or anything else giving them standing to collect a debt that Donalson does not owe.

58. These defendants have illegally charged Donalson twice for a policy she has already paid for every month over $100.00 out of her payroll check, when she already has a private policy with Kaiser Permanente Insurance Company. Donalson signed the settlement agreement, sent it back, and she has not heard from Defendant and Defendants. This is fraud and breach of contract/settlement agreement, as Donalson has already paid for this insurance

coverage, which she is being arbitrarily denied her reimbursement to cover her medical expenses by Defendants. Defendants have refused to pay Plaintiff Thymes' medical expenses. New Prime Inc. dba Prime Inc. and Rawlings are in breach of contract/ settlement agreement for withholding her money that Donalson is entitled to with the agreed-upon settlement. New Prime Inc. dba Prime Inc. is withholding these funds based on Defendant Kaiser's report, which is false.

59. Defendants' actions were fraudulent and done willfully, in conscious disregard of the rights Plaintiff, in that the actions were calculated to deny Donalson what she paid for and what is rightfully hers. As such, Donalson is entitled to recover, in addition to actual damages, punitive damages to punish Defendants and to deter future misconduct.These defendants – KAISER FOUNDATION HEALTH PLAN, INC. and THE RAWLINGS COMPANY, LLC committed fraud by trying to collect an unlawful debt. There is no paperwork to support their position from Luevina Donalson's insurance company. KAISER PERMANENTE INSURANCE never sent Donalson a bill, her insurance is paid through her employer.

60. Defendants KAISER FOUNDATION HEALTH PLAN, INC. and THE RAWLINGS COMPANY, LLC, NEW PRIME INC. dba PRIME INC., PRIME INC., Robert Low, Kevin French, Raynard Gaithier are persons within the meaning of 18 U.S.C. § 1961(3), and·as persons associated with each other, conducted and participated, directly and indirectly, in the conduct of their affairs through a pattern of racketeering activity in violation of 18 U;S.C.A. § 1962(a, b and c).

61. The predicate acts which constitute this pattern of racketeering activity were part of a scheme to wrongfully put a lien on Plaintiffs' settlement without standing or legal right, and therefore acquire Plaintiffs' property through deception and fraud, for the profit of the

enterprise, as described herein. For the purpose of executing this scheme, the Defendants placed in post offices and/or in authorized repositories matter and things to be sent or delivered by the Postal Service; caused matter and things to be delivered by commercial interstate carrier, and received matter and things from .the Postal service or commercial interstate carriers, including, but not limited to, letters, phone calls, emails and notices. These correspondences were false, misleading, and contrary to law, as described herein; and were deliberately designed to compel Plaintiffs either to part with large sums of money or to abandon their Settlement, for the profit of the enterprise.

62. For the purpose of executing this .scheme to defraud Plaintiffs and obtain money by means of false pretenses, Defendants also transmitted and received messages by wire, including but not limited to telephone and internet communications. In such communications, Defendants sought to convince Plaintiffs either to part with large sums of money or to abandon their Settlement, for the profit of the enterprise, when Defendant had no right to put a lien against Plaintiffs and deny their settlement.

63. These acts of racketeering, occurring within ten years of one another, constitute a pattern of racketeering activity within the meaning of 18 U.S.C.A. § 1961(5).

64. Plaintiffs were injured by reason of all Defendants' violation of 18 U.S.C. § 1962, in that, as a direct and proximate result of Defendants' complained of acts, Plaintiffs have suffered, and continue to suffer damages, including but not limited to, monetary damages and emotional distress, in an amount to be proven at trial. Defendants New Prime Inc. dba Prime Inc., Prime Inc. Raynard Gaithier, Robert Low and Kevin French, The Rawlings Company LLC and Kaiser Foundation Health Plan, Inc. conspired with each other. The Court is to take judicial notice that these two defendants, Rawlings and Kaiser Foundation, had no connection

with Plaintiff Luvenia Donalson's health plan, and each of the other defendants had full knowledge of this fact, yet aided and abetted each other to carry out mail fraud, racketeering, fraud and swindle against Plaintiffs.

65. The evidence shows that Defendants conspired with each other, and had this plan in place before they agreed to settle with Plaintiffs. Defendants kept NEW PRIME INC. concealed the whole time they were negotiating with Plaintiffs. Not one time through the entire communications between Plaintiffs and Defendants, did any of the Defendants ever mention NEW PRIME INC., and there is no mention of NEW PRIME INC. in any of their settlement papers and correspondence from Day One. The evidence and timeline shows that Defendants had no intention to pay Plaintiffs' settlement claim but instead intended to, and did, create extreme hardship on Plaintiffs by forcing them to go to court. By reason of the Defendants' violation of 18 U.S.C.A. § 1962, Plaintiffs are entitled, pursuant to 18 U.S.C.A. § 1964(c), to threefold the damages sustained, costs of suit, and reasonable attorneys fees. Plaintiffs do not know the amount of damages for this conspiracy, concealment and bad faith; however said damages should not be less than $1,000,000.00 for each Plaintiff from each Defendant to make Plaintiffs whole.

**X.**
**PLAINTIFFS' SIXTH CLAIM FOR DAMAGES FOR EMOTIONAL DISTRESS, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS NEW PRIME INC. dba PRIME INC., PRIME INC., Robert Low, Kevin French, Raynard Gaithier, THE RAWLINGS COMPANY, KAISER FOUNDATION HEALTH PLAN INC., LICENSED UNDER KNOX-KEENE HEALTH CARE SERVICE PLAN ACT OF 1975 and DOES 1 thru 10. EACH DEFENDANT AND ALL DEFENDANTS HAVE ACCEPTED FULL LIABILITY FOR THE 10/10/2016 HIT AND RUN ACCIDENT**

66. Plaintiffs incorporate Paragraphs 1 thru ¶¶ 65, inclusive, as if set out herein in full.

67. All Defendants have deliberately and greatly increased the pain and suffering to both Plaintiffs by their illegal acts of denying settlement, bringing in 3rd parties to manufacture

and attempt on a false lien, and force Plaintiffs into court by refusing to settle after all Defendants accepted full liability, which is conspiracy, fraud, racketeering, and intentional infliction of emotional distress. Defendants have never, not one time, disputed that Raynard Gaithier committed the criminal act of hit and run and crossing state lines. There was no reason not to settle. There was no reason for all parties to end up in court with Defendants' unnecessary pretrial motions and gamesmanship to wear Plaintiffs down and cause further hardship.

68. Defendants' obstruction, concealment, intentional infliction of emotional distress and callous disregard of Plaintiffs was carefully planned and executed to evade accountability. Plaintiff Thymes' car was totaled. If it had been a new car, Defendants would have had to pay $30,000.00. The Blue Book was actually $3,500.00. The Court is to take judicial notice that there is no limit on hit and run. Defendants have accepted full liability.

69. Defendants cannot claim that this court has no jurisdiction by reason of some sort of settlement amounting to $26,250.00. This amount was only in a settlement agreement out of court. Defendants accepted full liability, and agreed to settle Plaintiffs' original offer for over $300,000.00 in order to avoid going to court. Defendants agreed to settle Plaintiff's claim no. 128896; this is memorialized in the Settlement Agreement, see EXHIBIT C. There was no reason for Defendants to delay paying the settlement, as Defendants have accepted full liability, which is proof of Defendants' bad faith.

70. Defendants are guilty of malice, fraud or oppression, as defined in California Civil Code section 3294, and Defendants' actions were malicious and done willfully, in conscious disregard of the rights and safety of Plaintiffs, in that the actions were calculated to injure

Plaintiffs. As such, Plaintiffs are entitled to recover, in addition to actual damages, punitive damages to punish Defendants and to deter future misconduct.

The Defendants' refusal to pay the settlement wasn't because of the hit and run accident, it was because Plaintiffs wouldn't agree to pay the money from the false lien manufactured by Defendants The Rawlings Company and Kaiser Foundation.

Plaintiffs filed a Default and Default Judgment against Defendant Raynard Gaithier in the First Amended Complaint.

71. Plaintiffs do not know the amount of damages for this bad faith and non-response; however said damages should not be less than $1,000,000.00 for each Claim, for each Plaintiff, and from each Defendant to make Plaintiffs whole.

WHEREAS, Plaintiffs, and each of them, PRAY for judgment against each Defendant as follows:

A. That judgment be entered in Plaintiffs' favor and against each and every Defendant, for the amount of money Plaintiffs asked for in each of the six Claims – $1,000,000.00 per Claim, or $6 million total from each Defendant for: 1) felony hit and run, 2) property damages, damage to car, 3) bad faith and breach of contract and settlement agreement, 4) gross negligence for 10/10/2016 hit and run, 5) fraud, conspiracy, racketeering, concealment, perjury, and 6) emotional distress and intentional infliction of emotional distress;

B. There is no dispute or controversy that Defendants can make against Plaintiffs for bringing this complaint for breach of contract and settlement agreement per EXHIBIT C;

C. For the Court to take JUDICIAL NOTICE of Plaintiffs' Exhibits,

D. Each and every Defendant accepted full liability for the hit and run accident on 10/10/2016; this fact is uncontroverted, there is no controversy or dispute;

E. For exemplary damages in an amount sufficient to punish Defendants' wrongful conduct and deter future misconduct,

F. For punitive damages, and

G. Demand for jury trial;

Dated: 7-27-2018 John Thymes

Dated: 7-27-2018 Luvenia Donalson

**EXHIBIT A**

# Statement of John Thymes regarding Hit and Run Accident
(2 pages)

Date of Accident: October 10, 2016

DRIVER: John A. Thymes

2009Toyota Camry

Time: Approximately 11:25 A.M. – 12:10 P.M.

Passenger: Luevina K. Donaldson

Other Vehicle: PRIME, INC

Tags: Front – Lic No. 03A586

Back – Lic No. 871637

## STATEMENT OF JOHN THYMES

Thymes was in the left lane, making a left turn, Prime truck was in the right lane – can only make a right turn from off ramp (City Terrace) – Prime truck, in the right lane, kept pulling up, blocking view. I could not see down City Terrace so I could make a safe left onto City Terrace. pulled over to my left, Prime truck hit my car on the passenger (right) side, while I was sitting (not moving) at 10 Freeway off ramp. When Prime truck hit my car, it kept going, causing me to follow it. When Prime truck had to stop at red light (Hazzard and City Terrace), I exited my car to talk with Prime truck passenger window, to tell Prime truck he hit my vehicle. Prime truck put right signal on, indicating he was going to pull over to curb, then Prime truck left the scene, I again followed Prime truck (Hazzard and City Terrace to Eastern and City Terrace) when Prime truck was again forced to stop for red traffic light. Thymes again exited his vehicle and went to front of Prime truck, who again put on his right turn signal to indicate he was going to right curb. Prime truck left scene again and Thymes followed Prime Truck from Hazzard and City Terrace

**Exhibit A (2 pages)**

to Eastern and City Terrace (Red light). Thymes exited vehicle and went in fromt of Prime truck (driver's side) telling Prime truck that he hit my car. I told Prime truck driver to pull over, because he hit my car and I wanted to exchange information. Again Prime truck was going to pull to right signal curb. Thymes blocked Prime truck to let prime truck get over when the red light (Eastern and City Terrace) changed. Prime truck left scene again, making a left turn to Eastern to 10 Fwy (West). Thymes followed, blowing horn for Prime truck to stop. Ms. Donaldon was making 911/CHP call reporting the above-stated events and happenings to 911/CHP (police). . . . Ms, Donaldson informed me that the 911/CHP said not to follow Prime truck any further as they, 911/CHP had the information reported by Ms. Donaldson.

On 10/11/2016, Thymes personally frequented the CHP, 777 Washington Boulevard, Los Angeles and made a report (including explaining the above-stated events reported by Ms. Donaldson, per cell phone 10/10/2016.

**EXHIBIT B**

# Statement of Luvenia Donalson regarding Hit and Run Accident (2 pages)

Date of Accident: October 10, 2016

Time: Approximately 11:25 A.M. – 12:10 P.M.

DRIVER: John A. Thymes

Passenger: Luevina K. Donaldson

200● Toyota Camry

Other Vehicle: PRIME, INC

Tags: Front – Lic No. 03A586

Back – Lic No. 871637

**STATEMENT OF LUEVINA DONALDSON**

Mr. Thymes exited the 10 Fwy, City Terrace Drive off ramp. Mr. Thymes was in the far left lane to make a left turn when Prime, Inc. truck (Diesel), to right of Mr. Thymes (in parked [stop] position), (Prime truck) in the right lane, (could only make right turn) onto City Terrace Drive, Prime (Front Tag # 03A586, Rear Tag #871 637) accelerated to the left, from the right lane, turned left (from right lane) when Prime truck pulled over, hitting right fender. Passenger door, pulled front wheel hubcap off. The windows then would not go down, after Prime truck hit Mr. Thymes vehicle. Driver of Prime Truck left the scene. Mr. Thymes followed Prime truck to red light (stopped because red light, not because of Thymes) at (hazard) and City Terrace Drive, Mr. Thymes exited his vehicle at red light to talk to Prime driver at passenger window to tell Prime driver he had hit Mr. Thymes car, Prime driver (in far left lane to Mr. Thymes left) then Prime driver put his right signal on, indicating that he was going to pull over. Mr. Thymes re-entered his vehicle (waiting for Prime driver to pull over, instead Prime driver kept driving. Prime driver had to make another stop at Eastern and City Terrace; Mr. Thymes exited his vehicle, went over, a second time, to Prime driver to talk (Eastern and City Terrace) at red light to tell Prime driver to stop, who Prime driver again put on right signal (as if driver was going to stop) Mr. Thymes blocked traffic traveling (Eastern and City Terrace) so Prime driver could pull onto City Terrace . . . again Prime driver left the scene . . . made a left turn on Eastern onto 10 Fwy West . . . Mr. Thymes followed Prime truck from City Terrace and 1300 N. Bonnie. Accident occurred at 10 Fwy, City Terrace off ramp and North Bonnie Street, as already stated. Donaldson called 911, reported hit and run by Prime driver to CHP, giving the above account of events to 911/CHP (911/CHP told Donaldson) collected all above stated information the Mr. Thymes (thru Donaldson talking 911/CHP, said Mr. Thymes could discontinue following Prime driver. Mr. Thymes got back on 10 Fwy, returned to original

**Exhibit B (2 pages)**

starting point (10 Fwy and City Terrace) to pick up parts that came off his vehicle at crash scene. Severe damage to Thymes vehicle, pictures were taken.

Mr. Thymes got out of his car at Hazzard and City Terrace (red traffic signal) to talked to Prime truck (window passenger side) at right curb. I asked Prime truck to pull over to right curb, because he had hit my car.

Prime truck made a stop at Eastern and City Terrace. Mr. Thymes exited his car and went in front of Prime truck (window Driver's side) to talk with driver, who put his right signal on, then Prime truck kept going.

Prime driver appeared to be Hispanic male, Prime driver kept pulling sun shades on and off. Mr. Thymes kept speaking to Prime driver from Prime driver's passenger side, Prime driver refused to stop, except when mandated by red traffic signal. Clearly Prime driver, who hit Thymes vehicle, never intended to stop for Mr. Thymes.

Thymes vehicle, upon impact by Prime driver, was lifted off ground (right front-end damage (passenger side) right passenger door, and electric window will not go down)

I Luevina Donaldson, hit my head on the passenger window.

**EXHIBIT C**

# Settlement Agreement and Release
## (1 page)

Copy

## SETTLEMENT AND RELEASE
## CLAIM # 128896

**THIS SETTLEMENT AND RELEASE AGREEMENT** (the "Agreement") is entered into by and between **Luvenia Donalson** ("Claimant"), and Prime.

**WITNESSETH:**

**WHEREAS,** an accident between Claimant and Prime is alleged to have occurred on or about **October 10, 2016** (date of loss) in **Los Angeles, CA**.

**WHEREAS,** Claimant alleges that Prime is responsible for certain damages; and

**WHEREAS,** Prime denies the allegations; and

**WHEREAS,** the parties have reached a mutually satisfactory agreement with respect to the compromise and settlement; and now desire to memorialize their agreement as set forth below.

**NOW THEREFORE**, in consideration of the mutual covenants and agreements contained herein, and for good and valuable consideration, the sufficiency of which are hereby expressly acknowledged, the parties hereto agree as follows:

1. Settlement Terms. Prime shall pay to Claimant the amount of **Thirteen Thousand Two Hundred and Fifty Dollars and 00/100----Dollars ($13,250.00) .**

2. Claimant's Release. Claimant agrees to release, (driver) **Raynard Gaither** and Prime, Success Leasing, Inc., their employees, agents, representatives, and affiliated companies from and against any and all liability, damages, claims, causes of action whatsoever including, without limitation, any claim or cause of action Claimant has or may have arising from or relating to the occurrences on the date of loss.

3. Full Satisfaction. The parties hereby warrant, represent, and certify that the terms hereof, including the payment of the monies called for herein, will effect an absolute and full satisfaction and accord of all damages and expenses claimed or incurred by Claimant.

4. Miscellaneous.

A. The parties have each read and fully understand the terms of this Agreement; each has had the opportunity to have this Agreement reviewed by counsel. The rule of construction providing that ambiguities in a contract shall be construed against the drafter shall not apply.

B. This Agreement supersedes, in all respects, all prior written or oral agreements between the parties and there are no agreements, understandings, warranties or representations between Claimant and Prime except as set forth herein. This Agreement shall be governed and construed in all ways according to the laws of the State of **California** and all property rights relating to the construction or enforcement of this Agreement shall be construed according to the laws of the State of **California**.

C. This Agreement shall inure to the benefit of and bind the respective heirs, successors and assigns of the parties herein.

**IN WITNESS WHEREOF**, this Agreement has been executed by the parties on the date below.

Date: 1-09-18

**CLAIMANT**

Luvenia Donalson

**SS #:** 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 **DOB:** 4-10-62



**Exhibit C**

**EXHIBIT D**

# John Thymes' Claim letter to Prime (2 pages)

# John A. Thymes

13337 South Street, #135
Cerritos, California 90703
(562) 860-0651

11/1/2016

Prime, Inc.
2740 North Mayfair Avenue
Springfield, Missouri 65808

(866) 843-0001

ATTN: CEO and/or LEGAL DEPARTMENT

RE: HIT AND RUN ACCIDENT REPORTED BY TELEPHONE TO "KEVIN" 10/13/2016
Claim No. 128896

Dear Sir:

This letter (Notice) is regarding Claim No. 128896, and to provide you a copy of the "State of California, Department of California Highway Patrol, **Traffic Collision Report**" I made regarding the above subject matter Prime, Inc.'s "Hit and Run" accident reported to "Kevin", pursuant to my 10/11/2016 telephone call. Prior to speaking with "Kevin", I, initially reported this accident to a female Claims Representative 10/11/2016 and, subsequently spoke with "Kevin." So, for purposes of this correspondence, I am referring to "Kevin" as the individual with whom I am confirming my 10/13/2016 telephone conversation. The female, Claims Representative, with whom I initially spoke, October 11, 2016, gave me the subject Claim Number, which I referenced in my 10/13/2016 conversation with "Kevin".

In the subject call, I informed "Kevin" that Prime, Inc.'s driver (Diesel Truck Front License Plate No. 03A S86, Back License Plate No. 871 637") hit my **2000 Toyota Camry (4 Door), California License Plate No. 4HSE536,** and did not stop (Hit and Run) Prime, Inc. 7348, October 10, 2016 (see my attached "Statement").

Please be advised I called Prime, Inc. 10/10/2016; however, they were closed.

**Exhibit D (2 pages)**

Since Prime Inc.'s driver, a male, Hispanic appearing, did not stop (Hit and Run), I do not know his name nor any information which we should have exchanged at the time and scene of said 10/10/2016 accident. As I stated to the CHP, *inter alia,* Prime Inc.'s driver hit my car at the "10 Freeway exit, City Terrace Drive off-ramp and did not stop. I chased Prime, Inc's driver, who eventually stopped, by force of **red traffic signal** (see attached **"Statement of John Thymes,"** incorporated herein by reference as if set out in full), as I approached Prime, Inc.'s vehicle, he pulled off. As set out in my attached "Statement," this happened more than once, forcing me (via Luevina Donaldson, to call "911" and report the accident and, per Ms. Donaldson, instructed me to cease following the Prime, Inc. driver, as the "911" operator said CHP would take over the matter (see attached "Statement of Luevina Donaldson"). Attached is a copy of the **Traffic Collision Report** – Property Damage Only, taken 10/10/2016 by California Highway Patrol regarding the subject incident.

By way of this communication, I am requesting that Prime, Inc. provide me its driver's name and other pertinent, required by law, and to which I am entitled.

Please be advised that there is substantial and irreparable damage to 2000 Toyota, Plate # 4HSE536, VIN # 4T1BG22KXYU627657 (e.g.: inoperable windows, right door hard to open, major damage to right fender, car (motor) won't stay running, right wheel and hub-cap bent, bent A-Frame, and, *inter alia, the car is making a loud noise.*) I have been informed by a mechanic that my vehicle is a "total loss." Also, my passenger, Luevina Donaldson (424) 270-3071, and myself are injured and we, both, are under medical treatment resulting from the subject 10/10/2016 accident.

Please let me know to whom I should direct further correspondence(s), my damages concerning property and medical bills.

Should you have questions, regarding this matter, please write me, at the above address.

Sincerely,

John A. Thymes, CDL# 836234
Driver/Owner, 2000 Toyota Camry

**EXHIBIT E**

# Missouri Secretary of State Statement of Information dated Feb. 6, 2017
# (1 page)

Jason Kander Secretary of State

2016-2017 BIENNIAL REGISTRATION REPORT

BUSINESS

**F00285236**
**Date Filed: 12/21/2016**
**Jason Kander**
**Missouri Secretary of State**

☒ I ELECT TO FILE A BIENNIAL REGISTRATION REPORT

*SECTION 1, 3 & 4 ARE REQUIRED

REPORT DUE BY: 7/31/2016

F00285236
NEW PRIME, INC.
STEVE CRAWFORD
2740 NORTH MAYFAIR
SPRINGFIELD MO 65803

RENEWAL MONTH:
APRIL

☐ I OPT TO CHANGE THE CORPORATION'S RENEWAL MONTH TO FOR A $25.00 FEE

1 PRINCIPAL PLACE OF BUSINESS OR CORPORATE HEADQUARTERS: *

2740 North Mayfair (Required)

STREET
Springfield MO 65803
CITY / STATE ZIP

2 If changing the registered agent and/or registered office address, please check the appropriate box(es) and fill in the necessary information.

☐ The new registered agent

IF CHANGING THE REGISTERED AGENT, AN ORIGINAL WRITTEN CONSENT FROM THE NEW REGISTERED AGENT MUST BE ATTACHED AND FILED WITH THIS REGISTRATION REPORT.

☐ The new registered office address

Must be a Missouri address, PO Box alone is not acceptable. This section is not applicable for Banks, Trusts and Foreign Insurance.

3

**OFFICERS** — A
NAME AND PHYSICAL ADDRESS (P.O. BOX ALONE NOT ACCEPTABLE).
MUST LIST PRESIDENT AND SECRETARY BELOW

| | |
|---|---|
| PRESIDENT | Low, Robert |
| STREET | 2740 N. Mayfair |
| CITY/STATE/ZIP | Springfield MO 65803 |
| SECRETARY | Low, Lawana |
| STREET | 2740 N. Mayfair |
| CITY/STATE/ZIP | Springfield MO 65803 |
| ASSISTANT | Hicks, Patricia A |
| STREET | 2740 N Mayfair |
| CITY/STATE/ZIP | Springfield MO 65803 |
| ASSISTANT SECRETARY | Hopkins, Darrel L |
| STREET | 2740 N Mayfair |
| CITY/STATE/ZIP | Springfield MO 65803 |

**BOARD OF DIRECTORS** * — B
NAME AND PHYSICAL ADDRESS (P.O. BOX ALONE NOT ACCEPTABLE).
MUST LIST AT LEAST ONE DIRECTOR BELOW

| | |
|---|---|
| NAME | Hoedl, R Dean |
| STREET | 2240 S Wolverine Lane |
| CITY/STATE/ZIP | Springfield MO 65809 |
| NAME | Low, Robert |
| STREET | 2740 N Mayfair |
| CITY/STATE/ZIP | Springfield MO 65803 |
| NAME | Low, Lawana |
| STREET | 2740 N Mayfair |
| CITY/STATE/ZIP | Springfield MO 65803 |
| NAME | |
| STREET | |
| CITY/STATE/ZIP | |

NAMES AND ADDRESSES OF ALL OTHER OFFICERS AND DIRECTORS ARE ATTACHED

4 The undersigned understands that false statements made in this report are punishable for the crime of making a false declaration under Section 576.060 RSMo. Photocopy or stamped signature not acceptable. *

Authorized party or officer sign here: Patricia Hicks (Required)

Please print name and title of signer: Patricia Hicks / Assistant Secretary
NAME TITLE

REGISTRATION REPORT FEE IS:
__$40.00 If filed on or before 7/31/2016
__$55.00 If filed on or before 8/31/2016
__$70.00 If filed on or before 9/30/2016
__$85.00 If filed on or before 10/31/2016
ADD AN ADDITIONAL $25.00 FEE IF CHANGING THE RENEWAL MONTH.

WHEN THIS FORM IS ACCEPTED BY THE SECRETARY OF STATE, BY LAW IT WILL BECOME A PUBLIC DOCUMENT AND ALL INFORMATION PROVIDED IS SUBJECT TO PUBLIC DISCLOSURE

E-MAIL ADDRESS (OPTIONAL): amulligan@primeinc.com

REQUIRED INFORMATION MUST BE COMPLETE OR THE REGISTRATION REPORT WILL BE REJECTED
RETURN COMPLETED REGISTRATION REPORT AND PAYMENT TO: Secretary of State, P.O. Box 1366, Jefferson City, MO 65102

**Exhibit E**

**EXHIBIT F**

# California Secretary of State Statement of Information dated Feb. 6, 2017 (1 page)

Case 2:18-cv-02725-JAK-JC Document 10 Filed 05/03/18 Page 55 of 61 Page ID #:219

17-606663

**Secretary of State**
**Statement of Information**
(California Stock, Agricultural Cooperative and Foreign Corporations)

**SI-550**

**FILED**
Secretary of State
State of California
FEB 06 2017

**IMPORTANT** — Read instructions before completing this form.

Fees (Filing plus Disclosure) – $25.00;

Copy Fees – First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

94

NF

This Space For Office Use Only

**1. Corporation Name** (Enter the exact name of the corporation as it is currently recorded with the California Secretary of State)
NEW PRIME, INC.

**2. 7-Digit Secretary of State File Number**
C1548516

**3. Business Addresses**

| | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| a. Street Address of Principal Executive Office - Do not list a P.O. Box: 2740 N MAYFAIR | SPRINGFIELD | MO | 65803 |
| b. Mailing Address of Corporation, if different than item 3a | | | |
| c. Street Address of Principal California Office, if any and if different than Item 3a - Do not list a P.O. Box: 5716 CORSA AVE SUITE 110 | WESTLAKE VILLAGE | CA | 91362 |

**4. Officers** The Corporation is required to list all three of the officers set forth below. An additional title for the Chief Executive Officer and Chief Financial Officer may be added; however, the preprinted titles on this form must not be altered.

| Officer | First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|---|
| a. Chief Executive Officer/ | ROBERT | | LOW | |
| b. Secretary | LAWANA | | LOW | |
| c. Chief Financial Officer/ | DEAN | | HOEDL | |

| Officer | Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|---|
| a. Chief Executive Officer | 2740 N MAYFAIR | SPRINGFIELD | MO | 65803 |
| b. Secretary | 2740 N MAYFAIR | SPRINGFIELD | MO | 65803 |
| c. Chief Financial Officer | 2740 N MAYFAIR | SPRINGFIELD | MO | 65803 |

**5. Director(s)** California Stock and Agricultural Cooperative Corporations ONLY: Item 5a: At least one name and address must be listed. If the Corporation has additional directors, enter the name(s) and addresses on Form SI-550A (see instructions).

| a. First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| DARREL | | HOPKINS | |

| Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 2740 N MAYFAIR | SPRINGFIELD | MO | 65803 |

b. Number of Vacancies on the Board of Directors, if any

**6. Agent for Service of Process** Item 6a and 6b: If the agent is an individual, the agent must reside in California and Item 6a and 6b must be completed with the agent's name and California address. Item 6c: If the agent is a California Registered Corporate Agent, a current agent registration certificate must be on file with the California Secretary of State and Item 6c must be completed (leave Item 6a-6b blank).

| a. California Agent's First Name (if agent is not a corporation) | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |

| b. Street Address (if agent is not a corporation) - Do not list a P.O. Box | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | CA | |

c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b
InCorp Services, Inc. C2294569

**7. Type of Business**

Describe the type of business or services of the Corporation
TRUCKING TRANSPORTATION

**8. The information contained herein, including in any attachments, is true and correct.**

| Date | Type or Print Name of Person Completing the Form | Title | Signature |
|---|---|---|---|
| 01/27/2017 | PATRICIA HICKS | ASST SECRETARY | [signature] |

SI-550 (REV 11/2016)

2016 California Secretary of State
www.sos.ca.gov.business/be

**Exhibit F**

**EXHIBIT G**

# Final settlement notice (amended to correct date (2 pages)

AMENDED SETTLEMENT AGREEMENT HIT AND RUN

DATE: JANUARY 24, 2018

TO: ERIC @ PRIME INC.

FROM: JOHN A. THYMES

SUBJECT: LAST CHANCE PRIOR TO FILING LEGAL ACTION

CLAIM: NO. 128896

RE: **SETTLEMENT AGREEMENT HIT & RUN ACCIDENT 10/10/2016**

**URGENT! IMMEDIATE REPLY REQUEST**

SIR:

I HAVE BEEN INFORMED THAT YOU WERE OVER THE CLAIMS DEPARTMENT, AFTER NEARLY THREE WEEKS AGO, I ACCEPTED $13,000 FOR A COMPLETE "COMPROMISE AND RELEASE" FOR THE ABOVE-REFRENCED CLAIM, RESULTING FROM A "HIT AND RUN" -INJURY ACCIDENT INVOLVING ONE OF YOUR VEHICLES.

I AM DIRECTING THIS MEMO TO YOU TO FINALLY RESOLVE CLAIM, AS STATED ABOVE.

PRIOR TO FILING A LAWSUIT AGAINST PRIME, INC. I AM EXTENDING A FINAL ATTEMP TO RID PRIME, INC. OF THIS MATTER.

I DO NOT WISH TO SPEAK WITH CLAIM ADJUSTER, KEVIN FRENCH, BECAUSE HE HAS MADE NUMEROUS STATEMENTS AND PROMISES, WHICH HE, MR. FRENCH, FAILED TO COME TO SEND THE RELEASE FOR OUR SIGNATURES. THAT AGREEMENT HAS BEEN APPROVED AND I JUST WANT TO RESOLVE THIS MATTER, AS I AM SURE PRIME, INC FEELS LIKEWISE.

AS I BELIEVE I HAVE REACHED THE PROPER "KEVIN'S" SUPERVISOR, I AM EXTENDING THE SAME AND FINAL SETTLEMENT OFFER TO YOU. IF PRIME, INC., THROUGH KEVIN, ARE BACKING OUT OF THE AGREEMENT, $13,000.00

**Exhibit G (2 pages)**

FOR A COMPROMISE AND RELEASE, I WILL AMEND THE COMPLAINT FOR BREACH OF CONTRACT. I AM PREPARED TO A COMPLETE SETTLEMENT AGREEMENT, STATED ABOVE, PLEASE LET ME KNOW FORTHWITH AND I SHALL AMEND MY COMPLAINT TO INCLUDE THAT BREACH.

PLEASE CALL (562) 650-5333 AND LET ME KNOW WHETHER YOU WOULD LIKE TO SETTLE THIS ACTION.

IN THE MEANTIME, PLEASE LET ME KNOW WHO IS YOUR AGENT FOR PROCESS SERVICE, OR IF YOU HAVE AN AGENT IN CALIFORNIA WHO CAN ACCEPT SERVICE OF PROCESS, PLEASE SEND ME THE NAME AND SERVICE ADDRESS FOR PRIME, INC.

THANK YOU, IN ADVANCE FOR YOUR PROMPT ATTENTION TO THIS MATTER.

John A. Thymes

JOHN THYMES

**URGENT! IMMEDIATE REPLY REQUEST**

**EXHIBIT H**

# Donalson's letter to Prime Inc. before lawsuit (1 page)

**LUVENIA DONALSON**
**2405 Corning Street, #20**
**Los Angeles, CA 90034**
**(424) 251-6440**

March 20, 2018

Kaiser Foundation Health Plan, Inc.
c/o Knox-Keene Health Care
Service Plan Act of 1975
**ATTN: LEGAL DEPARTMENT**
Agent for Defendant Kaiser Foundation
6141 Cadillac Avenue
Los Angeles, CA 90034

The Rawlings Company, LLC
One Eden Parkway
La Grange, KY 40031-8100
**ATTN: LEGAL DEPARTMENT**

RE: DEMAND FOR SETTLEMENT

Dear Sirs:

As set out in the attached unfiled lawsuit. I am giving you a chance to settle this matter, without my filing the enclosed lawsuit against you.

As you see, in the Ninth Cause of Action, I am suing you for refusing to pay my bills for personal injuries I sustained in an automobile accident on 10/16/2016. As you know, I pay for this insurance via payroll deduction. I submitted my claim for my medical coverage, based n my insurance company. I timely sent a demand for (out of court) settlement.

I am allowing you time to consider payment of my insurance billings, or within. I am giving you five days to respond to this demand not to exceed five days after receipt of this demand to respond, **not to exceed March 28, 2018** to get back to me by calling **(424) 251-6440**. If I do not hear from you on or before March 28, 2018 **firm**.

Sincerely,

Luvenia Donalson

Luvenia Donalson

cc: John A. Thymes

**Exhibit H**

**EXHIBIT I**

# PRIME INC.'S Letter to John Thymes (1 page)

2740 North Mayfair
P.O. Box 4208
Springfield, MO 65808-4208
toll free ph 800.848.45
local ph 417.866.0001
www.PrimeInc.com

PRIME inc.
» driven by the best

January 5, 2018

John Thymes
2405 South Corning Street, #20
Los Angeles, California 90034

| | | |
|---|---|---|
| RE: | Our Claim No.: | 128896 |
| | Location: | Los Angeles, CA |
| | Date of Accident: | 10/10/16 |

This letter is regarding an accident you or your properties were involved in with one of our drivers on the above captioned date.

Per our prior telephone conversations, Prime, Inc. has agreed to settle your bodily injury claim for $13,000.00, inclusive of medical expenses. The medical expenses total $5,332.44. There are no medical liens known at this time, therefore the total settlement amount, $13,000.00, will be made payable to you and will be your responsibility to pay the medical providers.

Please return the signed release so that payment may be issued.

Sincerely,

Kevin French
Claims Adjuster
kfrench@primeinc.com
417-521-3831

**Exhibit I**

**EXHIBIT J**

# Lawyer letter denying liability (5 pages)

Page 48-71

PARTNERS
KENNETH A. MARANGA
ROBERT A. MORGENSTERN
CHRISTOPHER F. JOHNSON
PAUL A. ELKORT
NINOS SAROUKHANIOFF
JEFFREY N. LEADER
PATRICIA E. ELLYATT *

ASSOCIATES
PHILLIP T. S. TUKIA
NEIL D. JOSEPH
DENNIS S. NEWITT
MORGAN A. METZGER
LILIA C. SANDOVAL
P. MOLLY FORD
DANA ENYART
HILLARY D. PATTON **
ALEXANDER B. GIRALDO
JENN N. CRITTONDON
ALEXIS T. MORGENSTERN
EZRA G. RYU
DANIEL GHYCZY

PARALEGALS
CATHY BACH
LISA POLON
KEVIN ANTHONEY

* Also Admitted in Georgia
** Also Admitted in Utah

MARANGA MORGENSTERN

WOODLAND HILLS OFFICE
5850 CANOGA AVENUE, SUITE 600
WOODLAND HILLS, CALIFORNIA 91367
(818) 587-9146 FAX (818) 587-9147

SAN FRANCISCO OFFICE
350 SANSOME STREET, SUITE 630
SAN FRANCISCO, CALIFORNIA 94104
(415) 248-6316 FAX (415) 248-6314

WEB: WWW.MARMORLAW.COM

April 24, 2018

**Via Certified and U.S. Mail**

Mr. John A. Thymes
Ms. Luvenie Donalson
2405 Coming Street, #20
Los Angeles, CA 90034

Re: ***John A. Thymes and Luvenie Donalson v. Prime, Inc., a Corporation, et al.***
USDC Case No.: LACVIS-2725-JAK (JCX)
File Number : 119-034

Dear Mr. Thymes and Ms. Donalson:

This office represents New Prime, Inc. (erroneously sued and served as Prime, Inc.), Robert Low and Kevin French with regard to the above referenced case. We hereby request, pursuant to L.R. 8-3, a stipulation to extend the time to respond to the Amended Complaint by three weeks, to May 24, 2018, so that we can meet and confer as required by L.R. 7-3.

Please allow this to serve as a meet and confer effort pursuant to L.R. 7-3 regarding my clients planned Motion to Dismiss under Federal Rule 12. We plan to file a Motion to Dismiss on the following bases:

**Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction**

The Court lacks subject matter jurisdiction, as will be set forth below, as there is no question of federal law at issue here and there is not complete diversity of citizenship nor the amount in controversy does not exceed $75,000.00.

**First,** in the Amended Complaint, you allege jurisdiction is proper per Title 28 U.S.C. §1331. However, Title 28 U.S.C. §1331, which states that Federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States," is not applicable as this case does not involved any question of federal law. Further, this statute is *narrowly* construed and it is not enough that a case merely "arise under" federal law (which is all that Article III, § 2 requires). Rather, for jurisdiction under § 1331, courts

**Exhibit J (5 pages)**

Page 49-71

insist that there be a "substantial" question of federal law involved, and that the federal question appear in a "well-pleaded complaint".

**Second**, while you do not plead diversity jurisdiction pursuant to 28 U.S.C. §1332, it appears that you allege that there exists a diversity of citizenship between Plaintiffs and Defendants.

28 U.S.C. §1332 provides:

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, and is between:

- citizens of different States;
- citizens of a State and citizens or subjects of a foreign state;
- citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
- a foreign state, defined in section 1603(a) of this title, as plaintiff, and citizens of a State or of different States."

Federal diversity jurisdiction requires that *all* parties to the action be "citizens of different states" or "citizens or subjects of a foreign state" (i.e. aliens). 28 USC § 1332(a).

While Prime, Inc's principal place of business is Springfield, Missouri, it is also incorporated in California as New Prime, Inc. and is considered a citizen of California and Missouri. For purposes of diversity, a corporation may have dual citizenship: ""[A] corporation shall be deemed to be a citizen of ***every State and foreign state by which it has been incorporated AND of the State or foreign state where it has its principal place of business***..." 28 USC §1332 (c)(1). A corporation incorporated in one state, and having its principal place of business in another, is a citizen of ***both*** states. Thus, Prime, Inc. can be sued in diversity actions **only if** no opposing party is a citizen of *either* state. Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co. (9th Cir. 1972) 465 F2d 489, 491-492. As Plaintiffs are also citizens of California, there is not complete diversity of the parties.

**Third**, diversity jurisdiction exists only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs ..." 28 USC § 1332(a). The amount in controversy is determined from the allegations or prayer of the complaint. While your prayer seeks $1.000,000.00 per each of the eight alleged claims, or $8,000,000.00 from each Defendant, the majority of these alleged damages are punitive in nature. When punitive damages claim makes up the bulk of the amount in controversy, the court will "scrutinize that claim closely" to be certain jurisdiction exists. Based upon the Amended Complaint, the actual amount in controversy here is $26,250.00 - $13,000.00 for Mr. Thymes' alleged damages and $13,250.00 for Ms. Donalson's alleged damages

consideration and nature of the breach. There are no allegations to support a claim against individual Defendants French or Low. The claim fails to state any factual allegations which would support a breach of contract claim as it contains conclusory allegations and fails to state what the contract was, what promises were made, the consideration and nature of the breach. Further, this claim lacks the particularity required by Rule 9(b) regarding the circumstances constituting the fraud.

**Eighth,** The Sixth claim for Damages, Bad Faith and Breach of Contract against all Defendants fails to state any factual allegations which would support a breach of contract claim. This claim also appears to be based upon allegations of fraudulent conduct, however, none of the allegations satisfy the requirements of Rule 9(b) that the circumstances constituting fraud or mistake be pled with particularity. Further, there are no allegations to support any claim against individual Defendants French or Low.

**Ninth,** The Seventh claim for Damages for Gross Negligence and Fraud fails to state what the negligent conduct each of the Defendants, including the individual Defendants, was that injured Plaintiffs. The allegations are conclusory and lack any factual allegations. Further, this claim lacks the particularity required by Rule 9(b) regarding the circumstances constituting the fraud. There are no allegations to support a claim against individual Defendants French or Low.

**Tenth,** The Eighth claim for Fraud lacks the particularity required by Rule 9(b) regarding the circumstances constituting the fraud. Further, there are no allegations to support a claim against individual Defendants French or Low.

**Eleventh,** The Ninth claim for Breach of Contract, Fraud and Bad Faith fails to state any facts to support a claim against Defendant Prime, Inc. and individual Defendants Low and French. The claim fails to state any factual allegations which would support a breach of contract claim as it contains conclusory allegations and fails to state what the contract was, what promises were made, the consideration and nature of the breach. Further, this claim lacks the particularity required by Rule 9(b) regarding the circumstances constituting the fraud.

**Twelfth,** The Amended Complaint fails to state any allegations or facts which would substantiate a claim for punitive or exemplary damages. While brevity is required pursuant to Rule 8, it is not enough simply to allege that a wrong has been committed and demand relief. The pleadings must give fair notice of the claim being asserted and the grounds upon which it rests.

Lastly, the Motion to Dismiss will ask the Court to dismiss the Amended Complaint based on 28 USC 1915(e)(2), which states,

**Rule 12b(6) Motion to Dismiss**

We also intend to file a Motion to Dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule 12b(6).

**First**, the Amended Complaint is a "shotgun" complaint as it fails to give fair notice to Kevin French and Robert Low of the claims being asserted against them as individuals and the grounds upon which those claims rest. This type of complaint does not meet the federal pleading standard under Rule 8.

**Second**, the Amended Complaint makes reference to several exhibits however some of the exhibits are not attached or the attached exhibits do not represent what the pleadings indicate they are. As an example, in paragraph 11, page 4, line 6 there is reference to Exhibits "J" and "K" but there are no exhibits "J" or "K" attached to the Amended Complaint. Also as an example, in paragraph 15, page 5, line 11, Exhibit "A" is identified as "copy of contract agreeing to settle with plaintiffs." However, the Exhibit "A" attached to the Amended Complaint is not a contract but rather correspondence from Prime, Inc. to Mr. Thymes confirming settlement of his claims for $13,000.00 and requesting the signed release to be returned so payment could be issued.

**Third,** It is unclear as to what claims are being alleged against the defendants. As an example, the Second Claim for Property Damages is presumed to be against Gaither and Does 1-25 only. Page 8-9, lines 24-1. However, the allegations in paragraph 36, page 10 lines 11-12 assert that Prime, Inc. and individual Defendant Low are liable for injuries.

**Fourth,** The First claim for Personal injury as a result of the alleged "hit and run" fails to state what, if any, personal injuries Thymes or Donalson suffered. There are no grounds to support the allegation of "abuse, negligent and harm." Further, there are no allegations as to the claim that individual Defendants French or Low's caused Plaintiffs personal injuries on October 10, 2016.

**Fifth,** The Second claim for Property Damage fails to allege enough facts to state a claim for the relief sought as there are no allegations related to damage suffered by Donalson. Further, there are no allegations as to the claim that individual Defendants French or Low's caused Plaintiffs property damage on October 10, 2016.

**Sixth,** The Third claim for Breach of Contract fails to state any factual allegations which would support a breach of contract claim as it contains conclusory allegations and fails to state what the contract was, what promises were made, the consideration and nature of the breach. Further, there are no allegations to support a breach of contract claim against individual Defendants French or Low.

**Seventh,** The Fourth claim for Breach of Contract and Bad Faith fails to state any factual allegations which would support a breach of contract claim as it contains conclusory allegations and fails to state what the contract was, what promises were made, the

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-

(A) the allegation of poverty is untrue; or
(B) the action or appeal—
  (i) is frivolous or malicious;
  (ii) fails to state a claim on which relief may be granted; or
  (iii) seeks monetary relief against a defendant who is immune from such relief.

For the reasons set forth above, we intend to request dismissal on the basis that the Amended Complaint fails to state a claim on which relief may be granted.

Please contact Hillary D. Patton or Jeffrey Leader at 818-587-9146 no later than May 1, 2018 to discuss the request for stipulation to extend the time to respond to the Amended Complaint and the contents of this letter.

Very truly yours,

MARANGA • MORGENSTERN
A Professional Law Corporation

HILLARY D. PATTON

HDP/ch

F:\ADMIN\MATTERS - ACTIVE\Thymes, John v Prime\Correspondence\Thymes.001 Meet and Confer.doc

**EXHIBIT K**

# John Thymes' letter re non-response (1 page)

[redacted]

**John A. Thymes**
2405 South Corning Street, #20
Los Angeles, CA 90034
(562) 650-5333

**Supplement to May 10th, 2017**

**May 14, 2018**

**RE: U.S.D.C. CASE NO. 2:18-cv-02725 -JAK-jc**
**Assigned to: Honorable Judge John A. Kronstadt**
**(formerly Claim No. 128896)**

**New Prime, Inc. dba New Prime Inc. Robert Low**
**MARANGO • MORGESTERN, APC**
Ms. Hilary D. Patton (SBN 256055)
Mr. Jeffrey Western (SBN 119958)
**5850 Canoga Avenue, #600**
**Woodland Hills, CA 91367**

Dear Sirs and Madame:

This letter Supplements my letter dated May 11jth, 2017, to you.

Please be advised that your document from the "Secretary of State of Statement of information, dated 1/2/2017, executed by Patricia Hooks, filed by Secretary of State State of California" contains a "filed" date of "Feb 06, 2017" significantly than the 10/10/2016 injury-accident Prime, Inc's driver, Mr. Reynard, caused by Mr. Gaitier, when he deliberately fled the accident scene without leaving pertinent information regarding the 10/10/2016 accident.

I believe it is the law firm using this late date "February 6, 2017"(Exhibit "A) to prove "New Prime, Inc." existed at the time of the 10/10/016. I believe this is "fraud on the court, and "attempted Fraud) against me. It appears to me; New Prime filed this document to mislead the court. Also, I enclosed the Ms. Patricia Hicks' "Registration of Fictitious Name" New Prime, Inc.'s (Exhibit "B") dated September 28, 2015. I believe these documents (Exhibits "A" and "B") were manufactured to dispute, or to support our claim of "claim of

**Exhibit K (2 pages)**

page 55-71

**MARANGO • MORGESTERN, APC**
Ms. Hilary D. Patton (SBN 256055)
Mr. Jeffrey Western (SBN 119956)
May 14, 2018

diversity of citizenship, and cause to appear in federal court, instead of state court, and New Prime Inc. to be sent to state court. Both documents show New Prime Inc. was not in California when the subject 10,10,2016 accident occurred. In closing, please be advised I am reiterating and stance on the grounds that Prime, Inc. was not a California corporation at the time the underling accident happened, not to mention Messner's. Low and French never disclosed their *alleged* name, until now. As I stated n my

May 10th letter, this "New Prime, Inc.," first heard, or after our 10/0/2016 caused by (M. Reynard) Gaithier's gross negligence and (the) hit and run accident while employed by Prime, Inc.

Also, prior to closing the document supporting New Prime, Inc's Motion to Dismiss "Thymes and Ms. Donalson" motion are not Certified, as they should be.

I am also waiting for *"written"* confirmation of the underlying hearing date and time of New Prime,Inc. hearing date and time. Can you please disclose to me "New Prime, Inc's" agent and location (address) for process for New Prime, Inc.

Sincerely,

John A. Thymes

P.S. Just being on the side of Caution, I am requesting Default be entered against, *inter alia*, Defendant Prime, Inc

cc: Luvenia Donalson
Prime, Inc.



page 56-71

**EXHIBIT L**

# Robert Low at Prime Inc.
# (1 page)

page 57-71

**EXHIBIT M**

# Rob Low at New Prime Inc.
# (1 page)

Page 59–71

Very little room for advancement. Expected to sacrifice family time for the "prime family". The pay is good but it is very stressful and more and more is required as they change job requirements, with no increase in pay or at cost to associate. More "skin in the game" for everyone else equals more money back in Prime's pocket.

Was this review helpful? Yes 1 No Share Report

### profesional/straightforward

Driver (Current Employee) – Lewiston, ME – May 23, 2018

treated me very well, no complaints. I would and do recommend Prime to current drivers and people who may want to into the professional truck driving trade.

**Pros**
always kept busy

**Cons**
n/a

Was this review helpful? Yes No Share Report

### good pay for surrounding area

Logistics Broker (Former Employee) – Springfield, MO – May 23, 2018

As a logistics broker, I was able to work with new clients and keep pre-exsisting one going on a daily/weekly basis. Made a lot of cold calls to gain more business and grow with smaller businesses as they helped maintain our business goals. I have learned a lot about the computer systems used and easily learned/taught. Management has a specific set of goals for the company and will help you obtain them and your personal goals as well. The hardest part of the job for me in particular was balancing work life with home life on top of reserve military life, which did not give me very many days off per month. My direct supervision was very understanding of my military needs and was easily able to work around times in which I had to leave for short periods of time. The most enjoyable part of the job were the other associates that I got to work with and talk to on a daily basis.

**Pros**
business relationships, free coffee/tea (my personal fav) on site cafeteria/spa/gym

**Cons**
10hr work days 5days per week, one weekend day and one holiday per year had to work

Was this review helpful? Yes 1 No Share Report

### Fun to drive and see the world

Truck Driver Class A (Former Employee) – Springfield, MO – May 20, 2018

Really really good company for their perks it's also a big company Rob Lowe which is the owner of the company have a lot of things for the drivers I did like that as working for this company but Fleet MGR suck but if you can work around that which is a little difficult but other than that you feel at home working with Prime only other thing is they hate for you to call home I worked on the lease side but I also know drivers on the company side and it's pretty much about the same excellent for owner Ops having your own truck and running your truck and pulling their Freight

**Pros**
Good perks, feel like home when you go to the terminal, there is no other truck company terminal like

**Cons**
Fleet managers suck and they hate for you to take home time

Was this review helpful? Yes 1 No Share Report

3.4 Job Security/Advancement
3.2 Management
3.5 Culture

**Ratings from women**

InHerSight Score
**2.9**

3.7 Personal Development
2.3 Career Opportunities
2.5 Family Support

Women rate the female-friendliness of their workplaces on InHerSight

**Questions about Prime Inc**

What would you suggest Prime Inc management do to prevent others from leaving?
7 people answered

What type of drug test is used at prime? Hair follicle or urine?
6 people answered

Does prime do hair follicle or urine tests?
6 people answered

Show more

**Prime Inc Reviews by Job Title**

Truck Driver (216)
Driver (69)
Lease Operator (20)
Owner Operator Driver (13)
Company Driver (10)
See more Prime Inc reviews by job title

**Prime Inc Reviews by Location**

Springfield, MO
Pittston, PA
Salt Lake City, UT
Lewiston, ME
Dallas, TX

**Exhibit L**

Dismiss

By using Indeed you agree to our new Privacy Policy, Cookie Policy and Terms, which we encourage you to review.

June 10, 2018 11:16 AM ET

## Road and Rail
## Company Overview of New Prime, Inc.

**Snapshot** **People**

### Company Overview

New Prime, Inc., doing business as Prime Inc., operates as a refrigerated, flatbed, tanker, and intermodal trucking company. The company hauls fresh produce, fresh cut floral, pharmaceuticals, fresh or frozen meats, or any other dry or temperature-controlled freight through a fleet of refrigerated, flatbed, and tanker carriers. The company also sells accessories and more; safety vests, gloves, and jackets; headwear; footwear; clothing for women; outerwear; and shirts and pants for men through its store locations in Springfield, Missouri; Pittston, Pennsylvania; and Salt Lake City, Utah, as well as online. It serves customers in North America and internationally. The company was founded in 19...

Detailed Description

2740 North Mayfair
Springfield, MO 65803
United States

**Phone:** 417-866-0001
**Fax:** 417-521-6878
**primeinc.com**

Founded in **1970**

### Key Executives For New Prime, Inc.

**Mr. Robert E. Low**
Founder, Co-Owner and President

**Mr. Dean Hoedl**
Director of Finance

**Mr. Pat Leonard**
Director of Operations and Director of Reefer Operations

**Mr. Rodney Rader**
Director of Technology

**Mr. Steve Crawford**
General Counsel

Compensation as of Fiscal Year 2017.

### Similar Private Companies By Industry

| Company Name | Region |
|---|---|
| # 1 Solutions, Inc. | United States |
| 101 Transport, Inc. | United States |
| 1st Choice Delivery, LLC | United States |
| 1st Express Inc. | United States |
| 2 Brothers Moving & Delivery | United States |

### Recent Private Companies Transactions

| Type Date | Target |
|---|---|

No transactions available in the past 12 months.

**Request Profile Update**

**Exhibit M**

Page-60-71

**EXHIBIT N**

# Robert Low, President New Prime Inc.
# (1 page)

Search...

# Robert E. Low

## President and Founder

Robert E. Low founded Prime, Inc. in 1970 in Urbana, Missouri, as a 19 year-old engineering student at the University of Missouri. The company's headquarters remained in Urbana until 1980 when they were moved to their current site in Springfield, Missouri. With nearly thirty years of experience, Robert's keen instincts and intuitive managerial style have propelled Prime to the forefront of the transportation industry by providing safe, on-time delivery of goods throughout North America. As the company grew from a one-truck operation to its current fleet size in excess of 6900 trucks and over 13200 trailers, Robert performed numerous tasks. Under Low's leadership, Prime's annual revenues have increased each year since 1986. Today, Prime Inc. is recognized as an international leader in transportation of refrigerated and flatbed operations. Robert Low's achievements and contributions to trucking are a tribute to his overwhelming personal and professional commitment to the transportation industry.



rlow@primeinc.com

page 62-71

**Exhibit N**

**EXHIBIT O**

# Secretary of State fictitious name Prime Inc. (1 page)

Page 63-71

X00692548
Date Filed: 9/28/2015
Expiration Date: 10/19/2020
Jason Kander
Missouri Secretary of State

**State of Missouri**
**Jason Kander, Secretary of State**
Corporations Division
PO Box 778 / 600 W. Main St., Rm. 322
Jefferson City, MO 65102

# Registration of Fictitious Name

*(Submit with filing fee of $7.00)*
*(Must be typed or printed)*

This information is for the use of the public and gives no protection to the name being registered. There is no provision in this Chapter to keep another person or business entity from adopting and using the same name. The fictitious name registration expires 5 years from the filing date. (Chapter 417, RSMo)

**Please check one box:**

☐ New Registration ☒ Renewal X00692548 (*Charter number*) ☐ Amendment ______ (*Charter number*) ☐ Correction ______ (*Charter number*)

**The undersigned is doing business under the following name and at the following address:**

Business name to be registered: Prime, Inc.

Business Address: 2740 N. Mayfair
*(PO Box may only be used in addition to a physical street address)*

City, State and Zip Code: Springfield, MO 65803

**Owner Information:**

If a business entity is an owner, indicate business name and percentage owned. If all parties are jointly and severally liable, percentage of ownership need not be listed. Please attach a separate page for more than three owners. The parties having an interest in the business, and the percentage they own are:

| Name of Owners, Individual or Business Entity | Charter # Required If Business Entity | Street and Number | City and State | Zip Code | If Listed, Percentage of Ownership Must Equal 100% |
|---|---|---|---|---|---|
| NEW PRIME, INC. | F00285236 | 2740 North Mayfair Ave | Springfield, MO | 65803 | |

**All owners must affirm by signing below**
In Affirmation thereof, the facts stated above are true and correct:
(The undersigned understands that false statements made in this filing are subject to the penalties of a false declaration under Section 575.060 RSMo)

| Owner's Signature or Authorized Signature of Business Entity | Printed Name | Date |
|---|---|---|
| NEW PRIME, INC. - Patricia Hicks | NEW PRIME, INC. - PATRICIA HICKS | 09/28/2015 |

Name and address to return filed document:
Name: Adam Mulligan
Address: Email: adamulligan@hotmail.com
City, State, and Zip Code:

**Exhibit N**



64-71

**EXHIBIT P**

# Results business search – New Prime Inc. (1 page)

**Alex Padilla**
**California Secretary of State**

# Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Monday, April 30, 2018. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

## C1548516 NEW PRIME, INC.

| | |
|---|---|
| **Registration Date:** | 12/01/1986 |
| **Jurisdiction:** | NEBRASKA |
| **Entity Type:** | FOREIGN STOCK |
| **Status:** | ACTIVE |
| **Agent for Service of Process:** | **INCORP SERVICES, INC. (C2294569)** To find the most current California registered Corporate Agent for Service of Process address and authorized employee(s) information, click the link above and then select the most current 1505 Certificate. |
| **Entity Address:** | 2740 N MAYFAIR SPRINGFIELD MO 65803 |
| **Entity Mailing Address:** | 2740 N MAYFAIR SPRINGFIELD MO 65803 |

A Statement of Information is due EVERY year beginning five months before and through the end of December.

| Document Type | File Date | PDF |
|---|---|---|
| SI-NO CHANGE | 01/02/2018 | |
| SI-COMPLETE | 02/06/2017 | |
| AGENT RESIGNED | 03/08/2004 | |
| REGISTRATION | 12/01/1986 | Image unavailable. Please request paper copy. |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

**Modify Search** **New Search** **Back to Search Results**

page 66-71

**Exhibit P**

**EXHIBIT Q**

# Certified mail receipts showing all defendants sere served (3 pages)

Page 67-71

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

RAYNARD GAITHIER c/o Prime, Inc.
2740 North Mayfair Avenue
Springfield, Missouri 65808

9590 9402 3565 7305 2715 18

2. Article Number (Transfer from service label)
7017 3380 0001 0302 1325

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ■ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ■ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

KAISER FOUNDATION HEALTH PLAN
C/O Knox-Keene Health Care
Service Plan Act of 1973
2740 North Mayfair Avenue
Springfield, MO 65808-4208

9590 9402 3565 7305 2714 95

2. Article Number (Transfer from service label)
7017 3380 0001 0302 1356

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ■ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ■ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

**Exhibit Q (3 pages)**

page 68-71

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

PRIME, INC.
2740 North Mayfair Avenue
Greene County
Springfield, Missouri 65808-4208

9590 9402 3565 7305 2714 26

2. Article Number (Transfer from service label)

7017 3380 0001 0302 1301

COMPLETE THIS SECTION ON DELIVERY

A. Signature
x Breana Payne ☐ Agent ☐ Addressee

B. Received by (Printed Name) C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
■ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

---

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ROBERT LOW, an individual
c/o PRIME, INC.
2740 North Mayfair Avenue
Greene County
Springfield, MISSOURI 65808-4208

9590 9402 3565 7305 2714 33

2. Article Number (Transfer from service label)

7017 3380 0001 0302 1288

COMPLETE THIS SECTION ON DELIVERY

A. Signature
x Breana Payne ☐ Agent ☐ Addressee

B. Received by (Printed Name) Breana Payne C. Date of Delivery 4/11/18

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
■ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
■ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

---

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

RAYNARD GAITHIER c/o Prime, Inc.
2740 North Mayfair Avenue
Springfield, Missouri 65808

9590 9402 3565 7305 2715 18

2. Article Number (Transfer from service label)

COMPLETE THIS SECTION ON DELIVERY

A. Signature
x Breana Payne ☐ Agent ☐ Addressee

B. Received by (Printed Name) C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
■ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
■ Return Receipt for Merchandise
☐ Signature Confirmation™

**U.S. Postal Service™ CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*
For delivery information, visit our website at www.usps.com®.

SPRINGFIELD, MO 65803

| | |
|---|---|
| Certified Mail Fee | $3.45 |
| Extra Services & Fees (check box, add fee as appropriate) | $2.75 |
| Return Receipt (hardcopy) | $0.00 |
| Return Receipt (electronic) | $0.00 |
| Certified Mail Restricted Delivery | $0.00 |
| Adult Signature Required | $0.00 |
| Adult Signature Restricted Delivery | |
| Postage | |

Postmark Here: APR -6 2018

To: KAISER FOUNDATION HEALTH PLAN
c/o Knox-Keene Health Care
Service Plan Act of 1973
2740 North Mayfair Avenue
Springfield, MO 65808-4208

7017 3380 0001 0302 1356

---

**U.S. Postal Service™ CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*
For delivery information, visit our website at www.usps.com®.

LA GRANGE, KY 40031

| | |
|---|---|
| Certified Mail Fee | $3.45 |
| Extra Services & Fees (check box, add fee as appropriate) | |
| Return Receipt (hardcopy) | $1.50 |
| Return Receipt (electronic) | $0.00 |
| Certified Mail Restricted Delivery | $0.00 |
| Adult Signature Required | $0.00 |
| Adult Signature Restricted Delivery | |
| Postage | $3.10 |
| Total Postage and Fees | |

Postmark: APR -6 2018

The Rawlings Company
One Eden Parkway
La Grange, Kentucky 40031-2000

7017 3380 0001 0302 1363

---

**U.S. Postal Service™ CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*
For delivery information, visit our website at www.usps.com®.

SPRINGFIELD, MO 65803

| | |
|---|---|
| Certified Mail Fee | $3.45 |
| Extra Services & Fees (check box, add fee as appropriate) | $2.75 |
| Return Receipt (hardcopy) | $0.00 |
| Return Receipt (electronic) | $0.00 |
| Certified Mail Restricted Delivery | $0.00 |
| Adult Signature Required | $0.00 |
| Adult Signature Restricted Delivery | |
| Postage | $3.10 |
| Total Postage and Fees | |

Postmark: APR -6 2018

RAYNARD GAITHIER c/o Prime, Inc.
2740 North Mayfair Avenue
Springfield, MO 65803

See Reverse for Instructions

7017 3380 0001 0302 1325

---

**U.S. Postal Service™ CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*
For delivery information, visit our website at www.usps.com®.

SPRINGFIELD, MO 65803

| | |
|---|---|
| Certified Mail Fee | $3.45 |
| Extra Services & Fees (check box, add fee as appropriate) | $2.75 |
| Return Receipt (hardcopy) | $0.00 |
| Return Receipt (electronic) | $0.00 |
| Certified Mail Restricted Delivery | $0.00 |
| Adult Signature Required | $0.00 |
| Adult Signature Restricted Delivery | |
| Postage | $3.10 |
| Total Postage and Fees | $9.30 |

Postmark Here: APR -6 2018

Sent To: ROBERT LOW c/o PRIME, INC.
Street: 2740 North Mayfair Avenue
City: Springfield, Missouri 65808

7017 3380 0001 0302 1288

---

**U.S. Postal Service™ CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*
For delivery information, visit our website at www.usps.com®.

SPRINGFIELD, MO 65803

| | |
|---|---|
| Certified Mail Fee | $3.45 |
| Extra Services & Fees (check box, add fee as appropriate) | $2.75 |
| Return Receipt (hardcopy) | $0.00 |
| Return Receipt (electronic) | $0.00 |
| Certified Mail Restricted Delivery | $0.00 |
| Adult Signature Required | |
| Adult Signature Restricted Delivery | |
| Postage | $3.10 |
| Total Postage and Fees | $9.30 |

Postmark Here: APR -6 2018
04/06/2018

Sent To: Kevin French c/o Prime, Inc
Street and Apt. No., or PO Box No.: 2740 North Mayfair Avenue
City, State, ZIP+4®: Springfield, Missouri 65803

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7017 3380 0001 0302 1295

---

**U.S. Postal Service™ CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*
For delivery information, visit our website at www.usps.com®.

SPRINGFIELD, MO 65803

| | |
|---|---|
| Certified Mail Fee | $3.45 |
| Extra Services & Fees (check box, add fee as appropriate) | $2.75 |
| Return Receipt (hardcopy) | $0.00 |
| Return Receipt (electronic) | $0.00 |
| Certified Mail Restricted Delivery | $0.00 |
| Adult Signature Required | $0.00 |
| Adult Signature Restricted Delivery | |
| Postage | $2.89 |
| Total Postage and Fees | $9.09 |

Postmark Here: APR -6 2018
04/06/2018

Prime, Inc.
2740 North Mayfair Avenue
Springfield, Missouri 65803

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7017 3380 0001 0302 1301

page 70 – 71

# PROOF OF SERVICE

I, William Maybry, hereby declare that I am over the age of 18 years and not a party to the within entitled cause of action; and that on July 27, 2018 I did serve:

PLAINTIFFS' SECOND AMENDED COMPLAINT WITH EXHIBITS

in the following manner:

______ by personal service.

__X__ by first class United States Mail, post paid certified, in a sealed envelope.

______ by phone communications transmission [FAX] a total of _____ pages.

SERVICE LIST

Envelope(s) enclosed and mailed said documents in were addressed as follows:

MARANGA MORGENSTERN
Robert Morgenstern, Jeffrey N. Leader
Hillary D. Patton
5850 Canoga Ave., Ste. 600
Woodland Hills, Calif. 91367

Edward A. Stumpp, Robert C. Bohner
HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043

Raynard Gaithier
2740 North Mayfair Avenue
Greene County, Springfield, Missouri 65808-4208

Further, I declare under penalty of perjury that the foregoing is true and correct and that these documents were executed and mailed as above described within California on

Date: 7-27-2018
William Mabry

William Mabry
Declarant